[Civ. No. 20531.   First Dist., Div. One.   Apr. 16, 1963.]

LILLIE MAE JOHNSON, Plaintiff and Appellant, v. JOHN
E. DUVALL et al., Defendants and Respondents.

George W. Hauer and Joseph H. Stephens for Plaintiff
and Appellant.

Weinmann, Rode, Burnhill & Moffitt and Cyril Viadro for
Defendants and Respondents.

BRAY, P. J.—Plaintiff appeals from judgment on jury verdict in favor of defendants.

QUESTION PRESENTED

Was there evidence to justify the giving of an instruction on contributory negligence?[1]

EVIDENCE

About 7 a.m., December 31, 1960, plaintiff was a guest passenger in a car driven by her cousin, Fred Williams, in a southerly direction on Nimitz Freeway, Oakland. The morning was still dark and it was foggy. Visibility was very poor. In terms of distance in feet, visibility for discerning objects did not vary greatly in the testimony of the witnesses. Defendant Duvall, who was driving in the scope of his employment a truck of defendant Fair-Hipsley, Inc.[2] said it was 25-30 feet; plaintiff, a car length or two; independent witness Jenkins, 50-75 feet; Highway Patrol Officer Flanagan, 100 feet; Officer Rodeman, 50-60 feet; Williams, 50 feet.

As they drove along both Williams and plaintiff were looking for the 98th Avenue turnoff ramp. Plaintiff saw the first of two signs warning of the approaching turnoff. Williams started to slow down and moved the car into the far right lane. Shortly thereafter their car was struck from the rear by defendants' truck. Just before the 98th Avenue turnoff there is an overpass. The turnoff is beyond this overpass. There is a sign reading "Exit Speed 25." Plaintiff did not see the overpass nor this sign. Williams testified that after seeing the second of the three signs indicating the approaching turnoff, he slowed the car to 5-10 miles per hour, and put on his turn indicator. He was then struck from the rear. He did not stop his car on the freeway. Officer Flanagan testified that immediately after the accident plaintiff stated that his car was stopped when hit.

Curtis Jenkins testified that he was in the area of the 98th Avenue turnoff and was traveling at a speed of 45-50 miles per hour. He was gradually passing two truck and trailer

---

[1]Plaintiff's briefs raised the additional contention that the court erred in permitting the answer to be amended to plead contributory negligence, after pretrial conference. At oral argument plaintiff conceded that under the authority of *Wickman* v. *Opper* (1961) 188 Cal.App.2d 129, 134 [10 Cal.Rptr. 291], the allowance of such amendment was within the discretion of the trial court, and plaintiff withdrew this contention.

[2]Hereinafter, "defendant" will refer to defendant Duvall, unless otherwise noted.

rigs, the rear one driven by defendant. The trucks were driving in tandem, 70-75 feet apart. They were going somewhere between 40 and 50 miles per hour. As he approached the turnoff he saw the lead truck change abruptly to the center lane from the outside. Then he observed the Williams car in the right lane. Defendant applied his brakes violently and the truck and trailer jack-knifed. The side of the cab struck the automobile although Jenkins did not see the impact.

Defendant was driving a truck and trailer 60 feet long carrying lumber. The rig was fully loaded, gross weight 74,000 pounds. He was following a similarly loaded truck belonging to the corporate defendant. As he approached the turnoff some 500 to 600 feet behind the other vehicle at a speed of 35-40 miles per hour, he observed the forward rig quickly change into the center lane. Defendant continued in the outside lane. After he had gone another 300-400 feet, he observed a blinking red light which later he found to be the turn indicator of the Williams car. When about 200 feet from the light, he figured that the light was on some equipment (he did not know what kind) that was going to turn off the freeway. He put on his brakes to reduce speed. When he was 25-30 feet away, he observed that it was a car and that it was stopped. He then pulled his hand valve all the way. The truck struck the car at an impact speed of about 10 miles per hour.

One of the highway patrolmen testified that under the conditions prevailing the maximum speed at which a vehicle like defendant's could have been traveling safely was 30-35 miles per hour. The other patrolman said 40.

### Contributory Negligence

The court instructed at some length on the doctrine of contributory negligence. Plaintiff contends that there was no evidence whatever of contributory negligence; hence the court erred in instructing upon the subject. The most recent appellate expression with regard to the giving of instructions on the contributory negligence of an automobile passenger in a situation where the car in which he is riding is struck by another appears in *Van Pelt* v. *Carte* (1962) 209 Cal.App.2d 764 [26 Cal.Rptr. 182]. The facts were somewhat similar to those in the instant case. The plaintiff was a passenger in a car driven by her father. Their car came to a stop at the intersection of a subsidiary road and a major highway. Then, turning into the highway, the plaintiff's father stopped the car directly in the path of the defendant's car which

struck the plaintiff's car, apparently from the rear. The plaintiff had no recollection of looking for traffic at the intersection stop. Appealing from a defense verdict and judgment, the plaintiff contended that it was prejudicial error for the trial court to have given instructions on contributory negligence because there was no evidence of such on her part. The defendant contended that the plaintiff was obligated to call the driver's attention to the imminent danger or to protest at moving forward into the highway. The court said (p. 768): ''The rule of law defining a guest's duty to observe traffic is concisely stated in *Robinson* v. *Cable,* 55 Cal. 2d 425, 427 [2] [11 Cal.Rptr. 377, 359 P.2d 929], as follows: 'In the absence of some fact brought to his attention which would cause a person of ordinary prudence to act otherwise, a person riding in an automobile is not charged with the responsibility of observing the condition of the traffic on the highway, and his mere failure to do so, without more, will not support a finding of contributory negligence.'

''In *Pobor* v. *Western Pac. R. R. Co.,* 55 Cal.2d 314, 324 [13, 11b] [11 Cal.Rptr. 106, 359 P.2d 474] the same rule is stated in different words.

''From the foregoing it is clear that if, from the evidence, the jury could legitimately draw some inference showing that contributory negligence on the part of plaintiff proximately contributed to the causation of the accident and injuries complained of, the giving of the instruction on contributory negligence is proper and the question becomes one of. fact for the jury. If the evidence does not admit of any such inference the giving of the instruction is error.''

The court pointed out that the burden of proof of contributory negligence rests upon the defendant and that in order to justify the submission of that issue to the jury there must be a fact or facts from which a reasonable inference of contributory negligence can be drawn, based upon *substantial* evidence and not upon conjecture, surmise or guesswork, and, quoting from *Bardin* v. *Case* (1950) 99 Cal.App.2d 137, 142 [221 P.2d 292], the proof '' '. . . must be such that a rational well-constructed mind can reasonably draw from it the conclusion that the fact exists, and when the evidence is not sufficient to draw such inference, the court should refuse to submit the question to the jury.' ''

Thus, essentially this court is faced with the determination of whether reasonable minds could determine that under the evidence plaintiff acted negligently. Defendants contend

that plaintiff had a duty to suggest or request Williams to keep the car moving or to drive it off the traveled portion of the highway and continue on the shoulder. There is no indication that plaintiff was aware of any particular fact which would cause her to make such statement even though she said that she knew it was dangerous to stop. The Williams car was rightfully on the highway and plaintiff had the right to assume that in a dense fog all traffic would be moving at reduced rates of speed, just as was the car in which she was riding. Under the evidence the stopping (for the purposes of consideration of plaintiff's actions, we must assume defendant's testimony that the car had stopped, to be correct) could have been but brief. (There is no evidence to the contrary.) The fact that the truck ahead of defendant's truck made an abrupt change of lanes does not raise an inference that plaintiff's car was then stopped. Plaintiff's failure to find the turnoff for which she was looking could not under the circumstances be negligence.

The facts in the instant case are clearly distinguishable from those in the cases cited by defendants, such as *Pobor* v. *Western Pac. R. R. Co.* (1961) 55 Cal.2d 314, 324 [11 Cal. Rptr. 106, 359 P.2d 474]; *Travis* v. *Southern Pac. Co.* (1962) 210 Cal.App.2d 410 [26 Cal.Rptr. 700]; *Miller* v. *Western Pac. R.R. Co.* (1962) 207 Cal.App.2d 581 [24 Cal.Rptr. 785] In all the cases cited, the situations were such that the plaintiffs were aware or should have been aware of the dangerous conditions in plenty of time to warn the drivers of the dangerous conditions. Such was not the situation here. ██ We are faced with the simple situation of a car stopped (or moving slowly) on a foggy freeway. What was the passenger to do? The mere fact that the car was proceeding slowly on a fogbound highway did not require, as urged by defendants, that plaintiff urge the driver to drive faster or get off the traveled portion of the highway, where there might be room to do so. There was no such room where the accident occurred. Nor was the time element such that if the car was stopped long enough for plaintiff to realize danger therefrom, any statement by plaintiff would have avoided the accident. To find that had she spoken up the accident would have been averted is solely a matter of surmise and conjecture. There was no substantial evidence of any contributory negligence on plaintiff's part; hence it was error for instructions on the subject to have been given.

██ It is clear that the error was prejudicial. The evi-

dence of defendant's negligence is strong. He was driving a heavily loaded vehicle on a fog-obscured freeway at a speed in excess of that which was considered safe by an expert, one of the patrolmen. He had warning of trouble ahead when he saw his fellow driver abruptly change lanes ("quicker than normal," defendant said). He did not reduce his speed. When 200 feet away he saw the red blinking light and knew there was some kind of vehicle directly in front of him. While he braked to reduce speed he made no effort to get his truck under control until he was only 25-30 feet away from that vehicle, the Williams car. In the light of this evidence and without substantial evidence of contributory negligence on the part of plaintiff it is reasonably probable that without the instructions on contributory negligence a result more favorable to plaintiff would have resulted.

In view of our decision it becomes unnecessary to consider the correctness of an instruction on contributory negligence criticized by plaintiff.

The judgment is reversed.

Sullivan, J., and Molinari, J., concurred.

A petition for a rehearing was denied May 10, 1963, and respondents' petition for a hearing by the Supreme Court was denied June 12, 1963.