[S. F. No. 22549. In Bank. Jan. 23, 1968.]

MAE MARIE MERCER et al., Plaintiffs and Appellants, v. ELEANOR J. PEREZ et al., Defendants and Appellants.

Kane & Canelo, Robert C. Deabenderfer and Cyril Viadro for Plaintiffs and Appellants.

Price & Martin, E. Dean Price and John S. Gilmore for Defendants and Appellants.

Edward I. Pollock, Robert E. Cartwright, Theodore A. Horn, Robert G. Beloud, Leonard Sacks, Irwin Gostin, Louis S. Katz, Joseph L. Spray, Paul Braslow, James R. Ross, William P. Camusi, Edgar R. Bardin, DeWitt F. Blase and Edward L. Lascher as Amici Curiae on behalf of Defendants and Appellants.

MOSK, J.—This is a personal injury action arising out of a collision between plaintiffs' and defendants' automobiles. The complaint charged negligence, and the answer was a general denial. After four days of trial the jury returned a verdict

for defendants, and judgment was entered accordingly. Plaintiffs moved for a judgment notwithstanding the verdict and, in the alternative, for a new trial. The motion for new trial was made on the sole ground of the insufficiency of the evidence to justify the verdict. After argument, the court denied the motion for judgment notwithstanding the verdict but granted the motion for new trial. As to the latter, however, the order recited only that ''The motion for a new trial is granted. The court is of the definite opinion, after analyzing the evidence in this case, that there has been a definite miscarriage of justice. The court is of the opinion that the jury trying this case should have rendered a verdict for the plaintiffs, and against the defendants.'' Defendants appealed from this order, and plaintiffs cross-appealed from the judgment.

 The issue presented by the appeal is whether the order granting a new trial complied with the 1965 amendments to Code of Civil Procedure, section 657 (Stats. 1965, ch. 1749, p. 3922), the first paragraph of which provides that ''When a new trial is granted, on all or part of the issues, the court shall specify the ground or grounds upon which it is granted and the court's reason or reasons for granting the new trial upon each ground stated.''[1] We are of the opinion that the order here challenged should be construed to adequately state the *ground* on which it was granted, but that it wholly fails to specify the court's *reasons* for doing so. The question of the proper disposition of the appeal is a difficult

---

[1]The remaining three paragraphs of the 1965 amendments provide as follows:

[2d par.] ''A new trial shall not be granted upon the ground of insufficiency of the evidence to justify the verdict or other decision unless after weighing the evidence the court is convinced from the entire record, including reasonable inferences therefrom, that the court or jury clearly should have reached a contrary verdict or decision.

[3d par.] ''The order passing upon and determining the motion must be made and entered as provided in Section 660 and if the motion is granted must state the ground or grounds relied upon by the court, and may contain the specification of reasons. If an order granting such motion does not contain such specification of reasons, the court must, within 10 days after filing such order, prepare, sign and file such specification of reasons in writing with the clerk. The court shall not direct the attorney for a party to prepare either or both said order and said specification of reasons.

[4th par.] ''On appeal from an order granting a new trial the order shall be affirmed if it should have been granted upon any ground stated in the motion, whether or not specified in the order or specification of reasons; provided, that the order shall not be affirmed upon the ground of the insufficiency of the evidence to justify the verdict or other decision unless such ground is stated in the order granting the motion; and provided further that on appeal from an order granting a new trial upon the ground of the insufficiency of the evidence to justify the verdict or

one; for the reasons hereinafter explained, we have concluded that the order should be reversed. On the cross-appeal, however, plaintiffs demonstrate prejudicial error in the instructions, and we therefore reverse the judgment.

### The Specification of Grounds

Prior to 1919, Code of Civil Procedure, section 657 merely listed the allowable grounds for the granting of a new trial; there was no requirement that the ground actually relied upon by the court be specified in its order. In 1919, a limited but clear and unambiguous change in that law was accomplished by the addition of a paragraph providing that "When a new trial is granted upon the ground of the insufficiency of the evidence to sustain the verdict, *the order shall so specify*; otherwise, on appeal from such order, it will be presumed that the order was not based upon that ground." (Italics added.) (Stats. 1919, ch. 100, p. 141.) In 1939 this paragraph was amended to provide that the specification must be made in writing and filed with the clerk within 10 days after granting the motion, and to declare the presumption "conclusive." (Stats. 1939, ch. 713, p. 2234.) And as noted at the outset, the 1965 revision of the paragraph extended this requirement to *all* the grounds upon which a new trial may be granted.

Throughout the nearly 50 years that the requirement of specification of grounds has been on the books, however, the trial judges or their clerks have all too frequently failed to comply with its mandate by means of a simple recitation of the words of the statute. In a continuing effort to salvage such orders, the appellate courts have been compelled to infer from a wide variety of more or less ambiguous circumlocutions, aided by the general presumption of regularity, that the trial judge nevertheless "intended" to base his grant of a new trial upon the ground of insufficiency of the evidence. In *Aced* v. *Hobbs-Sesack Plumbing Co.* (1961) 55 Cal.2d 573 [12 Cal. Rptr. 257, 360 P.2d 897], we called a halt to this trend and

---

other decision, or upon the ground of excessive damages appearing to have been given under the influence of passion or prejudice, it shall be conclusively presumed that said order as to such ground was made only for the reasons specified in said order or said specification of reasons, and such order shall be reversed as to such ground only if there is no substantial basis in the record for any of such reasons."

The statute was again amended in 1967 to add "inadequate damages" as a ground for granting a new trial, and the language of the second and fourth paragraphs just quoted was slightly modified to reflect the change. (Stats. 1967, ch. 72, § 1.) The present appeal does not involve any issue of damages, however, and for the sake of clarity we shall discuss the statute in its 1965 version in the remainder of this opinion, except where otherwise indicated.

disapproved of its more extreme instances, observing (at p. 578) that "Section 657 discloses an intent that the required written specification be made in some unmistakable way [citation], and *this intent will obviously be frustrated* if an order for a new trial is sustained upon the ground of insufficiency of the evidence *where the language of the order is vague or ambiguous.* Whenever the order is in general terms, mentioning no ground, or specifies grounds not including insufficiency of the evidence, we must assume that it was not based on that ground." (Italics added.) Although we conceded that some departure in terminology may be allowed "if the intention of the court is clear," we emphasized that "It is preferable, of course, that the statutory language be used."

Our admonition, it seems, has not been universally heeded. In *Frantz* v. *McLaughlin* (1966) 64 Cal.2d 622 [51 Cal.Rptr. 282, 414 P.2d 410], we were once again required to construe an order granting a new trial so as to save it on the only ground the record would support. The new trial had been granted "solely on the issue of damages alone"; relying on earlier decisions noted but not disapproved in *Aced* (55 Cal.2d at p. 579), we held that such an order "necessarily included a specification of insufficiency of the evidence." And in *Malkasian* v. *Irwin* (1964) 61 Cal.2d 738 [40 Cal. Rptr. 78, 294 P.2d 822], we were foreclosed from upholding a new trial order on the obvious ground of insufficiency of the evidence even though the judge had orally expressed a clear intent to base it on that ground. To sustain the order in the interest of justice we were compelled to resort to a different ground listed in the motion for new trial, an admittedly minor error in allowing counsel to argue certain facts not contained in the record.

Similarly, in the case at bar we find on the face of the written order neither a specification in the statutory language nor a clear and unmistakable expression of the court's intent, within the meaning of *Aced,* as to the ground on which the motion was granted. The statement that "after analyzing the evidence" the court was "of the definite opinion" that there had been "a miscarriage of justice" is of no assistance to us in this connection, for it is no more than a recital of compliance with the mandate of article VI, section 13, of the California Constitution.[2] Because of that constitutional command,

[2]"No judgment shall be set aside, *or new trial granted,* in any cause, on the ground of misdirection of the jury, or of the improper admission or rejection of evidence, or for any error as to any matter of pleading,

*every* order granting a new trial presupposes a finding that there has been "a miscarriage of justice," and the mere recital of that determination does not somehow insulate the order against reversal in appropriate cases. The court's further statement that the jury "should have rendered a verdict for the plaintiffs" suggests, it is true, a finding of insufficiency of the evidence pursuant to the second paragraph of the 1965 amendments to section 657 (*ante,* fn. 1); but it could arguably refer as well to any of several other grounds listed in the statute, such as misconduct of the jury.

To resolve this ambiguity we are compelled to refer to plaintiffs' notice of motion for new trial. The motion, we have seen, was predicated solely upon the alleged insufficiency of the evidence. Applying the settled rule that a new trial "can be granted only on a ground specified in the motion" (*Malkasian* v. *Irwin* (1964) *supra,* 61 Cal.2d 738, 745, and cases cited), we conclude that the present order must be deemed to have been based on a finding of such insufficiency. A similar process of reasoning was employed in *Ice-Kist Packing Co.* v. *J. F. Sloan Co.* (1958) 157 Cal.App.2d 695, 697-699 [321 P.2d 840], a decision also noted but not disapproved in *Aced* (55 Cal.2d at p. 579).

 In so holding, however, we are not to be construed as giving our approval to this or any other failure to comply unambiguously with the statutory mandate that "the court shall specify the ground" on which the motion is granted. Rather, we reiterate our *Aced* advice that the statutory language, or a reasonable approximation thereof, be used in all cases. Accuracy in this regard is particularly desirable now that the amended statute requires specification not only of the ground of insufficiency of the evidence but also of each of the other grounds that may have been the basis of the order.

### The Specification of Reasons

A still more important change in the statute is the addition of a requirement that the court must specify not only the grounds upon which the new trial was granted but also its "reason or reasons" for doing so. The case at bar is the first in which we have been called upon to apply this language.

---

or for any error as to any matter of procedure, unless, after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice." (Italics added.)

To begin with, it is apparent that in the context of this statute the words ''ground'' and ''reason'' have different meanings. The first paragraph of the amendments requires the court to specify its ''reason or reasons'' for granting the new trial ''upon each ground stated.'' The third paragraph further emphasizes this distinction: the order ''must state the ground'' and ''may contain the specification of reasons''; if it does not do the latter, the court must file a separate, written specification of reasons within 10 days; and the court is prohibited from directing an attorney to prepare ''either or both said order and said specification of reasons.'' ■ Significance should be given, if possible, ''to every word, phrase, sentence and part of an act.'' (*People* v. *Western Air Lines, Inc.* (1954) 42 Cal.2d 621, 638 [268 P.2d 723].) And this rule ''applies with emphasis to an amendment which has evidently been enacted to abolish an evil or to improve a practice.'' (*Thomas* v. *Driscoll* (1940) 42 Cal.App.2d 23, 28 [108 P.2d 43] [referring to the 1939 amendment to section 657 limiting to 10 days after granting the motion the time within which the trial court could specify insufficiency of the evidence as a ground of its order].)

■ In determining the separate and distinct meaning of the word ''reason'' as used herein, we observe the cardinal rule that the statute is to be construed so as to give effect to the intent of the lawmakers. (Code Civ. Proc., § 1859; *Select Base Materials, Inc.* v. *Board of Equalization* (1959) 51 Cal.2d 640, 645 [335 P.2d 672]; *Dickey* v. *Raisin Proration Zone No. 1* (1944) 24 Cal.2d 796, 802 [151 P.2d 505].) Of prime importance in this inquiry are the particular objectives the legislation seeks to achieve. (*Rock Creek etc. Dist.* v. *County of Calaveras* (1946) 29 Cal.2d 7, 9 [172 P.2d 863], and cases cited.) ■ Two purposes are served by the present requirement of specification of reasons, and both are related to the traditionally broad powers exercised by the trial judge in passing on a motion for new trial. Such a motion is addressed to the judge's sound discretion; he is vested with the authority, for example, to disbelieve witnesses, reweigh the evidence, and draw reasonable inferences therefrom contrary to those of the trier of fact; on appeal, all presumptions are in favor of the order as against the verdict, and the reviewing court will not disturb the ruling unless a manifest and unmistakable abuse of discretion is made to appear. (*Yarrow* v. *State of California* (1960) 53 Cal.2d 427, 434-435 [2 Cal.Rptr. 137, 348 P.2d 687]; *Mazzotta* v. *Los*

*Angeles Ry. Corp.* (1944) 25 Cal.2d 165, 169 [153 P.2d 338], and cases cited.)

As orders granting motions for new trial are infrequently reversed, it is essential that they be the product of a mature and careful reflection on the part of the judge. Society has a manifest interest in avoiding needless retrials: they cause hardship to the litigants, delay the administration of justice, and result in social and economic waste. (*Jehl* v. *Southern Pac. Co.* (1967) 66 Cal.2d 821, 828-829, fn. 9 [59 Cal.Rptr. 276, 427 P.2d 988].) Accordingly, one of the functions of the requirement of specification of reasons is to promote judicial deliberation before judicial action, and thereby "discourage hasty or ill-considered orders for new trial." (Review of Selected 1965 Code Legislation (Cont. Ed. Bar), p. 81.) This objective is furthered, it bears emphasizing, by the change in the law which now forbids the judge from shifting to the attorney for the prevailing party the duty to prepare either the statement of grounds or the specification of reasons.

The second purpose of this requirement is to make the right to appeal from the order more meaningful. While the rarity of reversals is doubtless due to the circumstance that discretion is not often abused, it must be recognized that under the prior law an appellant challenging an order granting a new trial tended to have great difficulty in presenting his case. It often occurred, for example, that the notice of motion was predicated on all or most of the statutory grounds, and the subsequent order specified neither the ground or grounds found applicable nor the reasons therefor; in that event, the appellant was left in the dark as to which aspect of the trial to defend, and quite understandably struck out blindly in several directions at once. This process, however, was not likely to illuminate the reviewing court, which remained equally uninformed of the basis on which the trial judge acted. It was therefore compelled to undertake a search of the record, with the assistance of the respondent (see *Greer* v. *Freitas* (1944) 66 Cal.App.2d 335, 337 [152 P.2d 15]), for at least one sustainable ground: "Where the order granting a new trial is not grounded on the insufficiency of the evidence, it is the duty of the reviewing court to consider the *entire* record on which the order was based to discover whether there was *any* error which would have justified the trial court in making the order." (Italics added.) (*Townsend* v. *Gonzalez* (1957) 150 Cal.App.2d 241, 245 [309 P.2d 878], and cases

cited.) Supported by the strong presumption in favor of the ruling below, that ground would then be invoked to affirm the order regardless of whether or not it had in fact been in the contemplation of the trial judge at the time he granted the motion.

These difficulties were exacerbated when the appeal was taken from an order granting a new trial on the ground of insufficiency of the evidence to justify the verdict or decision. Although the trial judge was required to state that the motion was granted on that particular ground, he did not have to reveal in what respects he found the evidence to be insufficient. (*Butler* v. *Progressive Transportation Co.* (1959) 174 Cal.App.2d 333, 338-339 [344 P.2d 623].) The appellant, therefore, had no way of knowing which portions of the proof were deemed inadequate and required justification before the reviewing court. The latter, in turn, was bound by the rule that an appeal can succeed on this ground ''only where it can be said as a matter of law that there is *no* substantial evidence to support a contrary judgment'' (italics added) (*Yarrow* v. *State of California* (1960) *supra,* 53 Cal.2d 427, 434). The scope of review thus encompassed the entire body of the testimony and exhibits introduced at the trial. The appellate court could find itself considering alleged insufficiencies totally unrelated to those relied upon by the trial judge; and without further elucidation of the order, the principle that an abuse of discretion cannot be found in cases in which the evidence is in conflict and a different verdict could have been reached (*Hames* v. *Rust* (1939) 14 Cal.2d 119, 124 [92 P.2d 1010], and cases cited) ''constitutes an iron curtain, cutting off any adequate review of whether or not there was *any* reason for the trial judge to set aside the verdict of the jury and grant a new trial.'' (Italics added.) (*Coppo* v. *Van Wieringen* (1950) 36 Wn.2d 120 [217 P.2d 294, 297].)[3]

---

[3]As the Washington court elsewhere points out, ''Although 'manifest abuse of discretion' is a formidable and inferentially an effective appellate standard or mechanism for testing the exercise of trial judge discretion in some areas, its use or function seems debatable, to say the least, in the absence of a requirement that produces objectively assessable criteria, reasons or facts respecting the granting of a new trial, rather than ones assessable only subjectively in terms of describing or revealing nothing more than the feelings or hunches of the trial judge to the effect that 'substantial justice has not been done.' Stated somewhat differently, discretion equated only with the feelings and hunches of the trial judge is not amenable to objective evaluation and appellate review, for the end result would be nonreviewable trial judge discretion—in essence, no appeal whatsoever.'' (*Knecht* v. *Marzano* (1964) 65 Wn.2d 290 [396 P.2d 782, 784-785].)

The new statute seeks to correct this inefficient and often frustrating procedure. The first paragraph of the amendments requires the trial court to specify its reasons for granting the new trial on the ground, *inter alia,* of insufficiency of the evidence, and the fourth paragraph puts teeth in the requirement by providing that on an appeal from an order made on that ground "it shall be *conclusively presumed* that said order as to such ground was made *only for the reasons specified* in said order or specification of reasons, and such order shall be reversed as to such ground only if there is no substantial basis in the record *for any of such reasons.*" (Italics added.)

The scope of review is thus narrowed to more manageable proportions: the appellant need only address himself to those asserted deficiencies in the proof which are specified as reasons for the order, and the reviewing court need only determine if there is a substantial basis for finding such a deficiency in any of the respects specified. By the same token, the amendment also serves the first purpose discussed herein: since the granting of a new trial on the ground of insufficiency of the evidence may now be affirmed only for a reason given in the order, it is to be expected that the trial judge will take particular care in ruling on this ground and in articulating the bases of his decision.

 The new statute, of course, should be given a reasonable and practical construction. (*People* v. *Murata* (1960) 55 Cal.2d 1, 7 [9 Cal.Rptr. 601, 357 P.2d 833], and cases cited.) To avoid overtaxing our already burdened trial courts, it will be sufficient if the judge who grants a new trial furnishes a concise but clear statement of the reasons why he finds one or more of the grounds of the motion to be applicable to the case before him. No hard and fast rule can be laid down as to the content of such a specification, and it will necessarily vary according to the facts and circumstances of each case. For example, if the ground is "irregularity in the proceedings" caused by counsel's referring to insurance, the judge should state that the reason for his ruling was the misconduct of counsel in making such reference; if the ground is "misconduct of the jury" through their resorting to chance, the judge should specify this improper method of deliberation as the basis of his action; if the ground is that the decision is "against the law" because of a failure to find on a material issue, the judge should so state and should identify that issue. And to give full effect to the new

scope of review provided in the fourth paragraph of the 1965 amendments, discussed hereinabove, we hold that if the ground relied upon is "insufficiency of the evidence" the judge must briefly recite the respects in which he finds the evidence to be legally inadequate; no other construction is consonant with the conclusive presumption on appeal that the order was made "only for the reasons specified." Phrasing the requirement in terms of the codification of the trial judge's power in the second paragraph of the amendments (*ante*, fn. 1), such an order must briefly identify the portion of the record which convinces the judge "that the court or jury clearly should have reached a different verdict or decision."[4]

In the case at bar no reasons whatever were furnished by the trial court, either in its order or by a subsequent specification in writing: if the court's statement that the jury "should have rendered a verdict for the plaintiffs" is barely construable as the ground of its ruling, it is *a fortiori* inadequate to serve also as the reason for adopting that ground. Thus in *Greenwood* v. *Bogue* (1959) 53 Wn.2d 795 [337 P.2d 708], the only "reason" stated by the trial court for granting the plaintiffs' motion for new trial after a verdict for the defendants in an automobile accident case was that "there was no evidence to justify a verdict except on behalf of the plaintiffs." A rule of court required, however, that "In all cases wherein the trial court grants a motion for a new trial, it shall, in the order granting the motion, give definite reasons of law and facts for so doing." The Supreme Court of Washington observed that the trial court's statement "is of no assistance to an appellate court. It amounts to no

---

[4]Here we quote the language of the 1967 amendments. (Stats. 1967, ch. 72, § 1.) In either the 1965 or the 1967 version, this paragraph of the statute merely restates without change in substance the traditional power of the trial judge in ruling on a motion for new trial. (See *People* v. *Robarge* (1953) 41 Cal.2d 628, 633 [262 P.2d 14].)

We are not unmindful of the circumstance that two prior attempts to amend section 657, both pocket-vetoed by the Governor, would have required the trial judge to "specify . . . the respects" in which the evidence was insufficient (S.B. 893, 1961 Sess.) or to "state with particularity" why it was not substantial (S.B. 765, 1963 Sess.). The absence of this language from the 1965 legislation is of a marginal and speculative significance, and cannot be deemed to outweigh the manifest purposes of the amendments actually adopted. We note also that the earlier bills contained provisions of questionable validity purporting to empower the appellate courts to reweigh the sufficiency of the evidence in ruling upon orders predicated on that ground (see 36 State Bar J. (1961) 417, fn. *), and were reportedly vetoed by the Governor "because of objection as to form" (40 State Bar J. (1965) 589).

more than an invitation to search the record, with no indication as to wherein the trial court considered the defendants' case deficient.'' The court then held that the statement ''does not constitute a definite reason of 'law and facts' within the purview of'' the mandatory rule, and vacated the order for new trial. (*Id*. at p. 709 [of 337 P.2d].)

It is argued in support of the order that in a negligence case such as this, in which no special defenses were interposed, the verdict for the defendants means the jury found either that they were not negligent or, if they were, that their negligence was not the proximate cause of the plaintiffs' injuries; under this reasoning, the statement of the court that the jury ''should have rendered a verdict for the plaintiffs'' is to be interpreted as an implied specification of findings that according to the evidence the defendants *were* negligent and their negligence *was* the proximate cause of the injuries. As we have seen, however, one of the fundamental purposes of the recent amendments to section 657 was to put an end to this kind of speculation. ▮ The suggested argument would be equally applicable in every case in which the court's reasons for granting a new trial on any given ground could conceivably be inferred from the scope of the pleadings. We have expressly disapproved the drawing of such an inference to establish the grounds on which the order was based (*Aced v. Hobbs-Sesack Plumbing Co.* (1961) *supra*, 55 Cal.2d 573, 578-579), and we are not disposed to adopt a contrary rule with respect to the reasons for those grounds. Indeed, to read such a sweeping exception into the statute would result in largely reading out the new requirement of specification of reasons. ''The argument, in effect, seeks, under the guise of judicial construction, the elimination, as unnecessary, of an express requirement of the section.[5] ▮ But a court is prohibited from such a construction as will omit a portion of a statute. (Code Civ. Proc., sec. 1858.) ▮ The power of the legislature [in] specifying procedural steps for new trials is exclusive and unlimited. [Citations.] The wisdom of or necessity for certain requirements are matters for legislative and not judicial consideration and the judiciary, in its interpretation of legislative enactments may not usurp the legislative function by substituting its own ideas for those ex-

[5]I.e., the requirement of· Code of Civil Procedure, section 659 that the notice of motion specify whether the motion will be made upon affidavits or upon the minutes of the court,

pressed by the legislature." (*Smith* v. *Ibos* (1937) 22 Cal. App.2d 551, 554 [71 P.2d 847].)

## Disposition of the Appeal

 As the motion for a new trial finds both its source and its limitations in the statutes (*Malkasian* v. *Irwin* (1964) *supra*, 61 Cal.2d 738, 745), the procedural steps prescribed by law for making and determining such a motion are mandatory and must be strictly followed (*Telefilm, Inc.* v. *Superior Court* (1949) 33 Cal.2d 289, 294 [201 P.2d 811]; *Cembrook* v. *Sterling Drug, Inc.* (1964) 231 Cal.App.2d 52, 66 [41 Cal. Rptr. 492]). Applying this rule, it has uniformly been held that an order granting a new trial is in excess of jurisdiction and void if, for example, it is made in a proceeding in which the remedy of new trial is not available (*Estate of Van Deusen* (1947) 30 Cal.2d 285, 290-292 [182 P.2d 565]), or on a ground not prescribed by statute (*Laumann* v. *Conner* (1936) 12 Cal.App.2d 631 [55 P.2d 1225]; cf. *Fomco, Inc.* v. *Joe Maggio, Inc.* (1961) 55 Cal.2d 162, 166 [10 Cal.Rptr. 462, 358 P.2d 918]), or upon a notice of intention that is filed prematurely (*Fong Chuck* v. *Chin Po Foon* (1947) 29 Cal.2d 552 [176 P.2d 705]; see also *Auto Equity Sales, Inc.* v. *Superior Court* (1962) 57 Cal.2d 450, 458-462 [20 Cal.Rptr. 321, 369 P.2d 937]) or too late (*Smith* v. *Ibos* (1937) *supra*, 22 Cal.App.2d 551) or is not served on an adverse party (*Cox* v. *Certified Grocers of Cal. Ltd.* (1964) 224 Cal.App.2d 26, 31 [36 Cal.Rptr. 48]), or if the court purports to grant the motion after expiration of the statutory time for ruling (*Hinrichs* v. *Maloney* (1959) 169 Cal.App.2d 544 [337 P.2d 471]). When challenged on appeal, such an order is reversible per se.

 No such jurisdictional defect appears, however, in the case at bar. Here the motion was timely made, upon a proper ground, and was timely decided. The court simply did not specify the reasons for which it granted the new trial on the ground of insufficiency of the evidence. A closer analogy, therefore, is to be found in the numerous cases in which the trial court did not specify insufficiency of the evidence as the ground upon which it acted. In none was the order for new trial summarily reversed on appeal because of lack of jurisdiction; rather, the omission was treated as merely placing *a limit on the scope of review.* Pursuant to the statutory command that on appeal from such an order "it will be conclusively presumed" that insufficiency was not the ground, the appellate courts properly deemed themselves foreclosed from

reviewing that aspect of the record: "Under the quoted portion of the section [657] the order cannot be sustained on the ground of insufficiency." (*Malkasian* v. *Irwin* (1964) *supra*, 61 Cal.2d 738, 744.) As *Malkasian* well illustrates, however, the courts were not foreclosed from searching the record to find support for any *other* ground stated in the motion, and affirming the order on such a ground. Yet if no other ground was alleged or found to be meritorious, the courts had no alternative but to reverse—not because of any lack of jurisdiction, but because the order appealed from was not shown to be supported by the record. (See, e.g., *Adams* v. *American President Lines* (1944) 23 Cal.2d 681, 683 [146 P.2d 1]; *Reusche* v. *California Pac. Title Ins. Co.* (1965) 231 Cal.App. 2d 731, 733 [42 Cal.Rptr. 262]; *Springer* v. *Asbury Transportation Co.* (1962) 206 Cal.App.2d 250, 251 [23 Cal.Rptr. 839]; *Jordan* v. *Warnke* (1962) 205 Cal.App.2d 621, 634-635 [23 Cal.Rptr. 300]; *Opp* v. *Sykes* (1961) 194 Cal.App.2d 208, 209 [15 Cal.Rptr. 1]; *Rosenberg* v. *Wittenborn* (1960) 178 Cal.App.2d 846, 848 [3 Cal.Rptr. 459]; *Townsend* v. *Gonzalez* (1957) *supra*, 150 Cal.App.2d 241, 245; *De Felice* v. *Tabor* (1957) 149 Cal.App.2d 273, 274 [308 P.2d 377].)

As we have seen, with respect to the specification of "reasons" the 1965 amendments to section 657 also declare a presumption limiting the scope of review: the statute now provides that on appeal "it shall be conclusively presumed that said order as to such ground [of insufficiency of the evidence] was made *only for the reasons specified*" (italics added). When, as here, no reasons whatever are specified, there is no legal basis for reviewing the record on this ground. Nor can we turn to any other ground to uphold the ruling, as the motion for new trial in this case was predicated on insufficiency alone. It follows, as in the decisions just cited, that the record does not support the order and it must be reversed.

Plaintiffs earnestly urge that if the order cannot be affirmed we should reverse it only for the limited purpose of remanding the matter to the trial court with instructions to prepare and file the necessary specification of reasons. The suggestion has an undoubted superficial appeal; after giving it careful consideration, however, we have concluded that both precedent and policy militate against its adoption.

Plaintiffs' contention proceeds from a fundamental misreading of the statute. In both his briefs and oral argument before this court counsel for plaintiffs has asserted that, in contrast to the pre-1965 wording of section 657, its present

language "attaches no penalty" to a failure of the trial judge to specify his reasons for granting a new trial on the ground of insufficiency of the evidence. From this premise, counsel draws two conclusions. First, he seeks to distinguish the pre-1965 cases discussed above in which insufficiency was not specified as a ground and new trial orders were reversed. Second, he invokes the rule of construction that a statutory limitation of time imposed upon judicial action may be deemed not to be mandatory when the Legislature has declined to attach an express penalty to the court's failure to act within the time allowed. (*Garrison* v. *Rourke* (1948) 32 Cal.2d 430, 435-436 [196 P.2d 884], and cases cited.) He relies on the decisions applying this rule to Code of Civil Procedure section 632, which declares that in a nonjury trial the court "must" file its findings of fact and conclusions of law "within 30 days" after submission of the cause, but provides no penalty for failure to do so. (See, e.g., *Farmers etc. Nat. Bank* v. *Peterson* (1936) 5 Cal.2d 601, 607 [55 P.2d 867]; *Daft* v. *Enos* (1957) 155 Cal.App.2d 315, 318 [318 P.2d 66]; *Sperisen* v. *Heynemann* (1957) 149 Cal.App.2d 228, 235 [208 P.2d 436], and cases cited.) Counsel then refers to the cases in which an appellate court has exercised its power in a non-jury case to reverse the judgment for the limited purpose of directing the trial court to make a previously omitted material finding under section 632, if the record appears adequate for that purpose. (See, e.g., *Smith* v. *McDaniel* (1964) 228 Cal. App.2d 275, 279 [39 Cal.Rptr. 544].) He concludes, by analogy, that the requirement of section 657 that the court "shall" specify its reasons "within 10 days" after ordering a new trial should likewise be construed as not mandatory, and that we also have the power to remand this cause for a belated specification of reasons.

Counsel's premise, however, is wholly erroneous. As it has been necessary to point out several times in this opinion, the 1965 amendments to section 657 expressly extend *the same penalty* to the failure to specify reasons for granting a new trial on the ground of insufficiency as the former law attached to the failure to specify insufficiency as the basis of the ruling: i.e., a conclusive presumption excluding that ground from appellate review. We do not see how the statute could be any clearer on this point. Under the very cases cited by plaintiffs, therefore, the requirement of specification of reasons must be deemed to be mandatory, in accordance with its wording.

Moreover, the 1965 amendments impose *the same time limit* on the judge's power to specify reasons as the former law placed on his power to specify insufficiency as the ground: i.e., "within 10 days" after the motion is granted. As we reiterate today in *Siegal* v. *Superior Court, ante,* pp. 97, 113 [65 Cal.Rptr. 311, 436 P.2d 311], that provision of the pre-1965 statute was uniformly construed to be in effect a 10-day statute of limitations on the exercise of the judge's power: "No court or seasoned member of the legal profession will doubt that the purpose of the legislature . . . was to set up, in effect, a *statute of limitation* on the *time* within which a trial court can, either by original action or by *nunc pro tunc* order, specify *insufficiency of the evidence* as a ground for an order granting a new trial." (Italics in original.) (*Cox* v. *Tyrone Power Enterprises, Inc.* (1942) 49 Cal.App.2d 383, 393 [121 P.2d 829] (per Schauer, P. J.); see also *Malkasian* v. *Irwin* (1964) *supra,* 61 Cal.2d 738, 745, and cases cited.) Accordingly, a purported judicial act specifying that ground after the statutory time had run was not only an abuse of discretion, it was in excess of jurisdiction (*Whitley* v. *Superior Court* (1941 18 Cal.2d 75, 80-82 [113 P.2d 449] overruled on other grounds in *Dempsey* v. *Market Street Ry. Co.* (1943) 23 Cal.2d 110, 116-117 [142 P.2d 929]; *Thomas* v. *Driscoll* (1940) *supra,* 42 Cal.App.2d 23, 28), and could not be saved by the device of treating the belated specification as a *nunc pro tunc* "correction" of the earlier order (*Opp* v. *Sykes* (1961) *supra,* 194 Cal.App.2d 208, 212-216 [discussing cases]).

The same construction must obviously be placed on the same language of the amended version of section 657: the present 10-day provision is no less a statute of limitations than its predecessor, and any attempt by the court to circumvent its limits would likewise be in excess of jurisdiction. There is no conflict here with our earlier statement that a failure to specify reasons is not, as such, a jurisdictional defect. By *omitting to act* in that connection a court does not render its new trial order void, it merely restricts the scope of appellate review to the other grounds, if any, listed in the motion; but a purported specification of grounds or reasons made after the 10-day statute of limitations has run is an *act* in excess of jurisdiction, and therefore void to that extent. In the case at bar the 10-day period has long since expired, and the court thus has no further power in this regard.

Nor can we somehow revive this lapsed jurisdiction in the trial court. The long line of authorities involving failure to specify insufficiency of the evidence cannot be brushed aside by arguing, as plaintiffs do, that here we actually know that insufficiency was the ground. In a number of those cases, of which *Malkasian* is a good example, the appellate courts were equally well aware that the trial judge intended to base his order on a finding of insufficiency, as the record left no doubt of that fact.[6] Yet neither this court nor any Court of Appeal has ever deemed it had the power to remand such cases to the trial courts with instructions to specify the obviously intended ground. Plaintiffs fail to explain why, if we could not do so then, we can suddenly do so now.

The decisions remanding nonjury cases with directions to make a previously omitted material finding under section 632 are clearly distinguishable; as we have seen, the requirements of that statute are not mandatory and are not governed by a brief and rigid statute of limitations.[7]

---

[6]Thus in *Malkasian* (at p. 744 of 61 Cal.2d) we conceded that the trial judge's oral remarks constituted ''a clear statement that the new trial was to be granted on the ground of insufficiency of the evidence.'' And in *Springer* v. *Asbury Transportation Co.* (1962) *supra,* 206 Cal.App.2d 250, 252, the opinion acknowledges that ''it is apparent that the trial court made its determination upon the ground of insufficiency of the evidence.''

[7]Similarly, the special rules relating to new trial motions in criminal cases distinguish *People* v. *Robarge* (1953) *supra,* 41 Cal.2d 628, 635, in which the trial court misunderstood the extent of its discretionary power to reweigh the evidence on a motion for new trial and accordingly denied the motion and entered judgment of conviction; on appeal, we vacated the judgment and order, and remanded the case to the trial court with directions to again hear and determine the motion in accordance with proper rules of discretion. But in criminal cases the motion for new trial is made and determined at any time before judgment (Pen. Code, § 1102), and there is no requirement that an order based on insufficiency of the evidence so specify in writing (*People* v. *Mattmueller* (1938) 25 Cal.App.2d 418, 421 [77 P.2d 504]). It is true that if the court fails to rule on the motion before pronouncing judgment ''the defendant shall be entitled to a new trial'' (Pen. Code, § 1202); but although that statute is mandatory it is not jurisdictional, and if the judge acts to deny the motion after the time has expired, without objection by the defendant, the judgment will nevertheless be affirmed on appeal unless it is affirmatively shown that the delay caused a miscarriage of justice. (*People* v. *Pollock* (1939) 31 Cal.App.2d 747, 761-762 [89 P.2d 128]).

Also distinguishable is *Jehl* v. *Southern Pac. Co.* (1967) *supra,* 66 Cal.2d 821, in which the trial court granted the plaintiff a new trial limited to the issue of damages; under then valid precedents, the court could not order an additur. We held that the remedy of additur should be part of our law, and overruled contrary authority. (Now, see Code Civ. Proc., § 662.5, added by Stats. 1967, ch. 72, § 2.) But we did not vacate the order granting a new trial and remand the case for reconsideration in the light of the new rule; rather, we conditionally affirmed the order ''unless the trial court in its discretion'' ordered an additur and the

A persuasive analogy, on the other hand, is found in the cases applying the equally strict 60-day statute of limitations on the power of the court to grant a motion for new trial. (Code Civ. Proc., § 660.) We hold in *Siegal* v. *Superior Court, supra, ante,* pp. 97, 101 that "The time limits of section 660 are mandatory and jurisdictional, and an order made after the 60-day period purporting to rule on a motion for new trial is in excess of the court's jurisdiction and void." In *Free* v. *Furr* (1956) 140 Cal.App.2d 378 [295 P.2d 134], the trial court erroneously ruled that the time for determining the plaintiff's motion for new trial had elapsed, and therefore declined to decide it on its merits. Although that denial by operation of law was reviewed on an appeal from the judgment, the Court of Appeal advised the plaintiff that her only meaningful remedy would have been to apply for a writ of mandate ordering the judge to decide the motion within the 60-day period allowed by section 660; but as that period had expired by the time the appeal reached the reviewing court, it deemed itself powerless to order the trial judge to act, observing (at p. 386) that "There is nothing which this court can now do to reinstate or revive the motion in the court below." (Accord. *Estate of Shepard* (1963) 221 Cal.App.2d 70, 73 [34 Cal.Rptr. 212]; *Clay* v. *Lagiss* (1956) 143 Cal.App.2d 441, 451 [299 P.2d 1025].)

Finally, quite apart from the question of our power to revive this lapsed jurisdiction, amici curiae present a number of persuasive policy considerations weighing against plaintiffs' proposal. To adopt it would, in effect, largely frustrate both purposes of the 1965 amendments to section 657. First, the statutory incentive to careful judicial deliberation before awarding a new trial would be weakened if the only consequence of an inadequate specification of reasons were that one or two years later an appellate court might direct the judge to add a few words to his original order. ▮ [See fn. 8] By the same token, there would be little incentive for the moving party to take steps to insure that the judge complied with the statute at the time of ruling;[8] moreover, it is not impossible

---

defendant accepted it within a specified number of days. In neither of the foregoing cases, of course, were we faced with a 10-day statutory limitation for correcting the order.

[8]We do not imply that we will countenance any practice designed to circumvent the new statutory prohibition against preparation of the specification of grounds or reasons by the attorney for the moving party.

that such a party might prefer as a tactical matter to allow the inadequate specification to stand, hoping that the prospect of two certain appeals would discourage his opponent to the point of compromise or abandonment.

Second, the legislative intent to promote a more effective review of new trial orders would be substantially thwarted if the judge failed to make an adequate specification of grounds or reasons in the first instance. The appellant would then be compelled to prosecute one appeal merely to vindicate his right to a proper record of the ruling below, followed by a second appeal to challenge the ruling on its merits. Indeed, although plaintiffs ask only that the trial judge be given a second chance, they fail to show a logical reason for thereafter denying him a third, fourth, or indefinite number of chances to comply with the statute. Neither the public, nor the bar, nor the courts should be subjected to such a burden. Just as society has a strong interest in avoiding needless retrials, so it has an equal concern to prevent repetitious proceedings in the trial court and multiple appeals from the same order. The only solution is to insist, as we do, upon full and timely compliance with this remedial legislation.

## The Cross-appeal

As the order granting a new trial must therefore be reversed, the judgment will be automatically reinstated. We turn now to the merits of plaintiffs' cross-appeal from that judgment. Plaintiffs' principal contention is that the court committed prejudicial error in instructing on contributory negligence when that issue was not in the case. The point is well taken.

The accident occurred when an automobile driven by plaintiff Mae Marie Mercer slowed and stopped at an intersection on an open, two-lane highway for the purpose of making a left turn, and was struck from behind by an automobile driven by defendant Eleanor Perez. Although it was dusk, the weather was clear and both cars had their lights on. Mrs. Perez first observed plaintiffs' car when it was ''A good half a mile'' ahead of her; at that time she was driving at a speed of 60 to 65 miles per hour and, apparently, was gaining on plaintiffs' car. While still some 500 feet to the rear, Mrs.

---

But this does not mean that the attorney, in the discharge of his professional responsibilities, may not assist the court by calling its attention within the 10-day period to any such deficiency in the order, thereby enabling it to be corrected within the jurisdictional period.

Perez saw plaintiffs' brake lights go on and plaintiffs' car
begin to slow down. Mrs. Perez lowered her speed to 45 or 50
miles per hour. When only 125 feet away, however, she saw
that plaintiffs' car had come to a full stop at the intersection.
She then applied her brakes with full force, but they failed to
hold; she released the pedal, and applied the brakes a second
time. It was too late, and the collision ensued. Mrs. Perez
admitted she had experienced the same brake defect previ-
ously, but thought it had been satisfactorily repaired. She
testified she did not see Mrs. Mercer make a signal to indicate
an intention to turn left; Mrs. Mercer testified, however, she
had made such a signal continuously from a point 100 to 150
feet before reaching the intersection.

Contributory negligence was neither pleaded in
defendants' answer, nor specified as an issue in defendants'
pretrial statement. No evidence specifically directed to the
question of contributory negligence, moreover, was introduced
at the trial. Yet the court, at defendants' request, instructed
the jury that it was unlawful to turn a vehicle from a road-
way unless it is safe to do so and after giving an appropriate
signal (Veh. Code, § 22107), and that ''If a party to this
action has violated Vehicle Code Section 22107, the statute
just read to you, a presumption arises that he or she was
negligent'' (BAJI No. 149).[9]

In its discretion, the court could properly advise the jury of
the terms of Vehicle Code, section 22107 (see also Veh. Code,
§ 22108); such an instruction is relevant to the issue of
defendants' negligence, for it delineates a rule of the road
which an ordinarily prudent person can reasonably expect the
driver of the vehicle in front of him to obey. But the same
analysis cannot be extended to justify the court's decision to
give, over plaintiffs' objection, BAJI No. 149: there is no
need, in informing jurors of the *acts* of others which an ordi-
narily prudent person can expect, to further advise them of
the *legal consequences* which may subsequently be attached to
a failure to so act. On the evidence here introduced, the jury
could have applied the latter advice only to the conduct of

[9]The instruction then stated that the presumption could be rebutted,
but explained that ''To prove that a violation of a statute *such as that
charged in this case* was excusable or justifiable so as to overcome the
presumption of negligence, the evidence must support a finding that the
person who violated the statute did what might reasonably be expected
of a person of ordinary prudence who desired to comply with the law,
acting under similar circumstances.'' (Italics added.) (Now, see Evid.
Code, § 669, added by Stats. 1967, ch. 650, § 1.)

plaintiff Mae Marie Mercer; and as there was no issue of her negligence properly in the case, it was error to give the challenged instruction. (*Burks* v. *Blackman* (1959) 52 Cal.2d 715, 719 [344 P.2d 301]; *Sweeney* v. *Pozarelli* (1964) 228 Cal.App. 2d 585, 593 [39 Cal.Rptr. 601].)

 In the circumstances of this case the error was prejudicial. It is true that the court was not asked to define the general concept of contributory negligence and its effect on a plaintiff's right to recover (e.g., BAJI Nos. 103-103C); nevertheless, the instruction which the court did give invited the jury to speculate whether plaintiff Mae Marie Mercer should be presumed negligent—i.e., whether the accident was "her fault." At worst, such irrelevant advice could have had the effect of full instructions on contributory negligence, resulting in defense verdicts on that ground alone;[10] at best it must have confused and misled the jurors to plaintiffs' detriment, by raising false issues and diverting their attention from the actual questions to be decided (cf. *Butigan* v. *Yellow Cab Co.* (1958) 49 Cal.2d 652, 660-661 [320 P.2d 500] [irrelevant and confusing instruction on "unavoidable accident" held prejudicial].)

The evidence of defendants' negligence, moreover, is strong (cf. *Johnson* v. *Duvall* (1963) 215 Cal.App.2d 122, 126-127 [30 Cal.Rptr. 106]): "The mere fact that a driver of a vehicle does run down the vehicle ahead of him furnishes some evidence that he either was driving at too high a rate of speed, or that he was following too closely the vehicle ahead of him." (*Apodaca* v. *Haworth* (1962) 206 Cal.App.2d 209, 215-216, and cases cited.) In such circumstances a plaintiff is entitled to an instruction on the inference of the defendant's negligence under the doctrine of res ipsa loquitur (see *Getas* v. *Hook* (1965) 236 Cal.App.2d 705, 715-716 [46 Cal.Rptr. 249] [discussing cases]), and one was given here. The evidence adduced by defendants to dispel the latter inference is, by contrast, weak and unconvincing.[11]

---

[10]In oral argument counsel for defendants urged that as a matter of law the jurors cannot have found Mrs. Mercer guilty of contributory negligence since they also returned a defense verdict against plaintiff Linda Hill, a guest in Mrs. Mercer's car, and the contributory negligence of a driver cannot be imputed to a guest. (*Pope* v. *Halpern* (1924) 193 Cal. 168, 173 [223 P. 470].) While ingenious, the argument overlooks the fact that the jurors were never told of this rule of law, and we cannot assume that such a technical matter is common knowledge in the community.

[11]There is no conflict, as plaintiffs claim, between the conditional res ipsa loquitur instruction and BAJI No. 101-E. The latter is not the equivalent of the now-disapproved "mere happening of the accident"

Finally, we give considerable weight to the fact that in his new trial order the judge stated it was his "definite opinion, after analyzing the evidence in this case, that there has been a definite miscarriage of justice." Although the ground on which he ruled was insufficiency of the evidence rather than error in instructions, he was applying the same constitutional test we are called upon to apply (Cal. Const., art. VI, § 13; *ante*, fn. 2) and he was far better situated to appraise the facts than we can ever be. (See *Malkasian* v. *Irwin* (1964) *supra*, 61 Cal.2d 738, 748-749.) Accordingly, we conclude it is reasonably probable that a result more favorable to plaintiffs would have been reached if the challenged instruction on presumption of negligence had not been given. (*People* v. *Watson* (1956) 46 Cal.2d 818, 836 [299 P.2d 243].)

On defendants' appeal the order granting a new trial is reversed; on plaintiffs' cross-appeal, the judgment is reversed. The parties shall bear their own costs on appeal.

Traynor, C. J., McComb, J., Peters, J., Tobriner, J., Burke, J., and Sullivan, J., concurred.

---

instruction (BAJI No. 131), but rather a restatement in converse form of the test of negligence set forth in BAJI No. 101-C. Instructions Nos. 101-E and 101-C are, however, largely cumulative, and careful consideration should be given before they are both used again in the same case.