[L.A. No. 30038. In Bank. Jan. 22, 1973.]

WILLIAM ROY JONES et al., Plaintiffs and Respondents, v.
CITRUS MOTORS ONTARIO, INC.,
Defendant, Cross-defendant and Appellant;
FRED JACKSON TEAGLE,
Defendant, Cross-complainant and Respondent.

MARY ANN TEAGLE et al., Plaintiffs and Respondents, v.
CITRUS MOTORS ONTARIO, INC., Defendant and Appellant.

## COUNSEL

Kinkle, Rodiger, Graf, Dewberry & Spriggs, Donald H. Dewberry and James L. Spencer for Defendant and Appellant and for Defendant, Cross-defendant and Appellant.

Heily, Blase, Ellison & Muegenburg, DeWitt F. Blase, Edward L. Lascher, Lascher & Rader, West, Girardi & Pierovich, Thomas V. Girardi and Etchason, Davidson, Liesch & Thomas for Plaintiffs and Respondents and for Defendant, Cross-complainant and Respondent.

## OPINION

**MOSK, J.**—This is an action for damages for injuries sustained when an automobile purchased from defendant suddenly veered into oncoming traffic and collided with another vehicle. Plaintiffs are the surviving occupants of both vehicles. They alleged and defendant denied that defendant's negligence in repairing the automobile prior to sale was the proximate cause of the collision.[1]

The jury returned a verdict for defendant, and plaintiffs moved for a new trial on several grounds, including insufficiency of the evidence to justify the verdict. The court granted the motion. In its three-page order the court identified portions of the testimony, not refuted by defendant, which it believed supported plaintiffs' motion. The order concluded: "For the foregoing reasons it would appear that the jury was somehow misled into an area of speculation not supported by the evidence."[2]

---

[1]Defendant also alleged assumption of risk and contributory negligence as affirmative defenses. The jury, however, was not instructed on these defenses.

[2]The order reads in its entirety:

"On proof being made to the satisfaction of the Court and good cause appearing therefor;

"IT IS HEREBY ORDERED that the verdict heretofore rendered in the above-entitled matters be and they are hereby set aside and the said plaintiffs and cross-complainants are granted a new trial as to all issues involved in said action. Said motion is granted for the following reasons:

"Although contributory negligence was pleaded as an affirmative defense, no evidence was produced to support such defense.

"The impressive testimony of the eyewitnesses DYER and MARQUEZ and of the investigator FAIRFIELD as well as the photographs of the scene and the condition of the left front tire of the TEAGLE vehicle established without question that the accident was a result of the left tie rod on the TEAGLE car coming loose at the inboard end. Likewise, the undamaged appearance of the taper pin at that location would lead to

Section 657 of the Code of Civil Procedure provides: "When a new trial is granted, on all or part of the issues, the court shall specify the ground or grounds upon which it is granted and the court's reason or reasons for granting the new trial upon each ground stated. . . . On appeal from an order granting a new trial . . . the order shall not be affirmed upon the ground of the insufficiency of the evidence to justify the verdict or other decision . . . unless such ground is stated in the order granting the motion . . . ."

Defendant concedes the order specified *reasons,* but contends it failed to specify the *ground* for the new trial. While there is superficial validity to this contention, we disagree with its implications. ■ Inclusion of statutory language in the order, although preferable, is not invariably

---

the only rational conclusion that the castellated nut worked loose and came off the said pin because a locking cotter key was missing.

"The pivotal question is who if anyone is responsible for that condition. Any question of responsibility of the co-defendants not involved here can be disregarded for the reason that there was no evidence that they did anything to or with the tie rod assembly and the theory of the case against them was that they should have observed the missing key and had a duty to so inform MR. TEAGLE.

"There was testimony by MR. TEAGLE that his son at one time had driven the car over a railroad grade crossing and damaged the oil pan and differential. However, there was no evidence that this would necessarily involve damage to the tie rod assembly and it was noted that the repair did not include repair to that portion of the car.

"The only defendant shown to have had anything to do with the tie rod assembly was the defendant CITRUS when they straightened the frame of the car. Although question was raised as to whether it was necessary to disassemble the tie rod assembly in order to straighten the frame, the testimony of the car's former owner MR. AMROSE as well as the experts called by the defendant CITRUS leaves no reasonable inference other than that the assembly had been removed and reinstalled by CITRUS.

"The fact that the cotter key at the outboard portion of the left tie rod as well as the dust cap were missing would indicate that they were also left off when the steering apparatus was reassembled after the frame straightening by CITRUS. There was no testimony or other evidence adduced by CITRUS to show this did not or could not be the case.

"The evidence was necessarily all circumstantial and the most significant obstacle to plaintiffs' case arose because of the lapse of time and the mileage put on the car between its sale by CITRUS to MR. TEAGLE and the date of the accident. However, the tapered shape and the construction of the joint as well as the testimony as to the use of a 'pickle fork' is physical evidence of the difficulty in dislodging the tie rod even in the absence of a holding nut or cotter pin. More graphically illustrating this point was the moving picture films shown by the defendant. All of this evidence served to show that very probably the nut would stay in place and the taper pin would remain engaged through a great deal of driving and vibration.

"On the other hand, no creditable evidence was produced by defendant to show any of the foregoing did not or could not happen. This is not to say, of course, that they had the burden of proof but it would seem that they were in the best position to bring forward direct evidence that they were not responsible.

"For the foregoing reasons it would appear that the jury was somehow misled into an area of speculation not supported by the evidence."

required; the ground for a new trial is adequately specified if the intention of the court is clear. (*Aced* v. *Hobbs-Sesack Plumbing Co.* (1961) 55 Cal.2d 573, 578 [12 Cal.Rptr. 257, 360 P.2d 897].) There can be little doubt in this case that the ground upon which the court relied was insufficiency of the evidence to justify the verdict.

■ Both the particular phrasing and the general content of the order reveal the court's intention. First, the statement that the jury was "misled into an area of speculation not supported by the evidence" clearly referred to the insufficiency of the evidence.[3] Second, the lengthy analysis of the evidence included in the order (fn. 2, *ante*), which summarized the strengths of plaintiffs' and the weaknesses of defendant's evidence, was undeniably addressed to the issue of insufficiency. Moreover, as defendant concedes, this analysis constituted the "reason or reasons" required by section 657. It is difficult to conceive of a court specifying a reason without simultaneously revealing an intention as to the ground. Because a reason must be directed to explaining and supporting a particular ground (*Mercer* v. *Perez* (1968) 68 Cal.2d 104 [65 Cal.Rptr. 315, 436 P.2d 315]), it would seem that the reason necessarily reflects that ground.[4]

Defendant's second contention is that the trial court abused its discretion in granting the motion for a new trial. This contention must also fail. Section 657 significantly limits the scope of appellate authority to review new trial orders: "on appeal from an order granting a new trial upon the ground of the insufficiency of the evidence to justify the verdict . . . it shall be conclusively presumed that said order as to such ground was made only for the reasons specified in said order or said specification of reasons, and such order shall be reversed as to such ground only if there is no substantial basis in the record for any of such reasons." ■ Thus the trial court is required to state in its order the theory under which it concludes the jury should have returned a verdict for the moving party, and the order must be sustained on appeal unless the opposing party demonstrates that no reasonable finder of fact could have found for the movant on that theory.

■ In the case at bar the trial court's theory was that the collision was

---

[3]It is irrelevant that this statement of ground followed the statement of reasons rather than preceded it, which is the more accepted practice.

[4]*Malkasian* v. *Irwin* (1964) 61 Cal.2d 738 [40 Cal.Rptr. 78, 394 P.2d 822], is not at variance with our conclusion; it is factually distinguishable. The trial judge there, though commenting on the insufficiency of the evidence, took the matter under submission. Subsequently he signed no order, the clerk merely filing a cursory minute order indicating a new trial was granted but neglecting to specify the grounds or reasons. That procedure is in stark contrast to the lengthy order signed by the judge in this case.

caused by a defect in the steering mechanism of the automobile purchased from defendant, and the defect resulted from defendant's failure to properly reassemble the steering mechanism after disassembling it while repairing the automobile. The record provides substantial support for this analysis. The testimony of an automotive engineer suggests the collision was caused by the mechanical defect specified by the court; the testimony of a witness who saw the automobile while defendant was repairing it and of two experienced automobile mechanics confirms that the steering mechanism was disassembled as indicated by the court. In the absence of any other compelling explanation for the defect the court could infer that it was caused by defendant's improper reassembly. Defendant correctly asserts that the record contains evidence tending to establish alternative explanations of the collision. The court, however, was entitled to disbelieve or discount this evidence in considering the motion for new trial. ■ An abuse of discretion cannot be found in cases in which the evidence is in conflict and a verdict for the moving party could have been reached under the theory expressed in the order for a new trial. (*Mercer* v. *Perez* (1968) *supra,* 68 Cal.2d at pp. 112, 114; cf. *Hames* v. *Rust* (1939) 14 Cal.2d 119, 124 [92 P.2d 1010].)

While we do not condone failure to state explicitly the grounds for granting a motion for new trial, in this instance we hold the trial court complied with the requirements of section 657 and committed no abuse of discretion.

The order granting plaintiffs a new trial is affirmed.

Wright, C. J., McComb, J., Tobriner, J., Burke, J., and Sullivan, J., concurred.