[No. G040006. Fourth Dist., Div. Three. Dec. 16, 2008.]

MARIA DE JESUS LAGUNAS ESPINOZA, Plaintiff and Respondent, v. GUDELIA CALVA et al., Defendants and Appellants.

## COUNSEL

Printemps & Kaufman, Edwin Printemps and Nancy Kaufman for Defendants and Appellants.

Maria de Jesus Lagunas Espinoza, in pro. per.; and Frank J. Contreras for Plaintiff and Respondent.

## OPINION

**RYLAARSDAM, J.**—We accepted this case on defendants' petition to transfer the appeal from the appellate division of the Orange County Superior Court. Plaintiff Maria de Jesus Lagunas Espinoza (landlord) owns property rented to defendants Gudelia Calva and Jorge Soqui (tenants). The trial court granted judgment in favor of landlord in her action for unlawful detainer against tenants. The appellate division affirmed the judgment.

The thrust of tenants' appeal is that the rented unit was uninhabitable. Tenants also complain of procedural irregularities. The record consists of an engrossed statement pursuant to California Rules of Court, rule 8.756 and

exhibits referenced therein. We assume that, because the exhibits are referenced, they were admitted into evidence. Although the briefs contain various facts by references to other documents in the superior court file, such as the pleadings, we are limited by the record and matters which we may judicially notice. (*In re Carpenter* (1995) 9 Cal.4th 634, 646 [38 Cal.Rptr.2d 665, 889 P.2d 985] ["[a]ppellate jurisdiction is limited to the four corners of the record on appeal . . ."].)

We can take judicial notice of the fact the pleadings were filed, but not of the truth of the statements contained in them. (See, e.g., *Day v. Sharp* (1975) 50 Cal.App.3d 904, 914 [123 Cal.Rptr. 918] [truth of allegations made in pleadings and affidavits may not be judicially noticed]; see also *Ramsden v. Western Union* (1977) 71 Cal.App.3d 873, 879 [138 Cal.Rptr. 426] [improper to take judicial notice of "facts" set forth in arrest report contained in municipal court file].)

Finally, because tenants have vacated the premises, the only issue before us is whether the money judgment in favor of landlord should be affirmed. We conclude the court erred and reverse the judgment.

## FACTS

Landlord testified she had rented the building to tenants under a written lease. Tenants had failed to pay the monthly rent of $750 for three months and had been served with a three-day notice to pay $2,250 or vacate the premises. They did neither. When tenants' counsel attempted to cross-examine landlord on issues relating to habitability of the building, the court sustained landlord's objections on grounds "they were irrelevant since there was a default in rent."

Tenants introduced records of the Planning and Building Agency of the City of Santa Ana; they indicated that no occupancy permit had been issued for the rented premises. Copies of applicable city ordinances were also admitted.

After landlord rested her case and after a recess, the court announced the case would be finished in 20 minutes because the court had a jury trial the next day. Tenants were permitted to make an "offer of proof," consisting of a statement that "Soqui would testify to all of the facts set forth in the first amended answer to the complaint." (Some capitalization omitted.) These affirmative defenses, insofar as relevant to this appeal, were: (1) the unit is

substandard, does not comply with building codes, and is hazardous; (2) the unit is not certified for occupancy; (3) landlord refused oral and written requests to make repairs; (4) rent was withheld to compel repairs; (5) landlord turned off electric and water services; and (6) tenants were locked out of the premises for four weeks.

At the conclusion of the trial, tenants requested the court render "specific findings" in the statement of decision as to each of the affirmative defenses. The judge "responded that he did not do findings because he did not have a secretary" and, "as a matter of law, [defendants] were not entitled to findings."

The court then stated that the three-day notice was sufficient and awarded possession of the premises to landlord. The court noted that tenants owed $3,350 in rent, but, " 'because of the condition of the property' and 'the two days' lockout,' the amount would be reduced by $1000, for a total of $2350." Judgment was entered for landlord in that amount plus costs.

## DISCUSSION

1.  *The court erred in refusing to issue a statement of decision.*

Code of Civil Procedure section 632 provides that where a trial takes less than one day or a total of eight hours, a request for a statement of decision "must be made prior to the submission of the matter for decision." The engrossed statement indicates that such a request was made and that the court expressly refused to comply with this statutory duty. Section 632 also provides that "[t]he request for a statement of decision shall specify those controverted issues as to which the party is requesting a statement of decision." Tenants complied with this requirement by specifying that they requested a statement of decision as to each of the affirmative defenses. Landlord argues the request was not made until after the court issued its tentative decision; this is not supported by the engrossed statement.

The trial court has a mandatory duty to provide a statement of decision when properly requested. (*Miramar Hotel Corp. v. Frank B. Hall & Co.* (1985) 163 Cal.App.3d 1126, 1129 [210 Cal.Rptr. 114] [reversible per se if trial court fails to prepare statement of decision under Code Civ. Proc., § 632 if timely request made].) The refusal of the trial court to comply because the court did not have a secretary was frivolous at best because the court was authorized to issue an oral statement of decision. (Code Civ. Proc., § 632.)

Normally, the court's failure to provide a properly requested statement of decision results in a remand ordering the court to issue such a statement. (*In re Marriage of S.* (1985) 171 Cal.App.3d 738, 751 [217 Cal.Rptr. 561].) However, as we discuss below, there are additional reasons why the judgment should be reversed and a remand solely to prepare a statement of decision would therefore be an idle act.

2. *There was an improper use of an "offer of proof."*

■ Absent a stipulation, an "offer of proof" is not a substitute for evidence. Such an offer is generally made when there is an objection to the introduction of evidence so that there is a record of the specific evidence sought to be excluded. This permits the trial court to evaluate whether the objection should be sustained. If the objection is sustained, it informs the appellate court whether the exclusion was improper and, if so, whether the exclusion resulted in a miscarriage of justice. (See Evid. Code, § 354; *Pugh v. See's Candies, Inc.* (1988) 203 Cal.App.3d 743, 758 [250 Cal.Rptr. 195] [in wrongful discharge action, evidence of illegal union contract relevant to show pretextual reason for employee's discharge only if employee made offer of proof showing he objected to employer about contract's illegality].)

A so-called "offer of proof" may be a substitute for evidence if the parties stipulate that the court may consider it as such. But the mere offer of proof by one party does not convert counsel's statements as to what a witness would testify to into evidence. (See *Denny H. v. Superior Court* (2005) 131 Cal.App.4th 1501, 1514 [33 Cal.Rptr.3d 89], where the court quoted Seiser & Kumli, Cal. Juvenile Courts Practice and Procedure (2005) § 2.110[19], p. 2-205 to state " '[s]ince the law is clear that non-stipulated offers of proof are not evidence, a local practice or rule that purported to make them evidence would be in conflict with existing law and invalid. Further, measures to expedite the hearing process cannot override the requirement of providing litigants due process . . . .' ")

The record discloses that, after landlord rested, the judge announced "he was going to finish the case that day, because he 'had a jury' the next day, and it was already 20 minutes to 5." Under these impossible conditions, tenants' lawyer "asked to at least be allowed to make an offer of proof, which he then did, stating that [tenants] would testify to all of the facts set forth in the First Amended Answer to the Complaint." Nothing in the record suggests that landlord stipulated these matters could be treated as having been

admitted into evidence. By limiting tenants to just a few minutes to present their entire case, the court, in effect, precluded them from presenting their defense.

Although the amount in dispute in this action may have been relatively small, the issues were of great importance to the litigants. It is therefore distressing to note the summary nature of the proceedings. The trial judge did not have time to hear the tenants' evidence. He felt that his lack of a secretary excused his duty to issue a statement of decision. There is an appearance of unfairness which pervades the record. (See *Haluck v. Ricoh Electronics, Inc.* (2007) 151 Cal.App.4th 994, 1008 [60 Cal.Rptr.3d 542]; *Hernandez v. Paicius* (2003) 109 Cal.App.4th 452, 461 [134 Cal.Rptr.2d 756].)

3. *The trial court failed to comply with Code of Civil Procedure section 1174.2.*

Civil Code section 1941 requires, with an exception not applicable here, that a landlord of a building intended for human occupation "put it into a condition fit for such occupation, and repair all subsequent dilapidations thereof, which render it untenantable . . . ." Code of Civil Procedure section 1174.2 imposes duties on the trial court if tenants raise the affirmative defense that a landlord has breached his or her obligations under Civil Code section 1941 and the court finds that such breach has occurred. Under these conditions, the court "(1) shall determine the reasonable rental value of the premises in its untenantable state to the date of trial, (2) shall deny possession to the landlord and adjudge the tenant to be the prevailing party, conditioned upon the payment by the tenant of the rent that has accrued to the date of the trial as adjusted pursuant to this subdivision within a reasonable period of time not exceeding five days . . . , (4) shall order that the monthly rent be limited to the reasonable rental value of the premises as determined pursuant to this subdivision until repairs are completed, and (5) . . . shall award the tenant costs and attorneys' fees if provided by, and pursuant to, any statute or the contract of the parties." (Code Civ. Proc., § 1174.2, subd. (a).)

The trial court reduced the past due rent by $1,000. We must therefore conclude that it determined "the reasonable rental value of the premises [for the preceding three months] in its untenantable state" was $1,000 less than the agreed rent and this must be based on an implied finding that the premises

failed to satisfy the requirements of Civil Code section 1941. In spite of this, the judgment fails to satisfy any of the other quoted requirements of Code of Civil Procedure section 1174.2.

*4. The absence of certificate of occupancy rendered the lease illegal.*

■ Exhibits attached to the engrossed statement show that no certificate of occupancy had been issued for the rented building. The engrossed statement also contains this evidence. Section 110.1(1) of the Santa Ana Building Code (see Santa Ana Mun. Code, § 8-112) prohibits the use or occupation of a building "until the building official has issued a certificate of occupancy." Thus the occupancy was unlawful and the lease constitutes an illegal contract. The California Supreme Court held in *Tri-Q, Inc. v. Sta-Hi Corp.* (1965) 63 Cal.2d 199 [45 Cal.Rptr. 878, 404 P.2d 486]: "There is no doubt that the general rule requires the courts to withhold relief under the terms of an illegal contract or agreement which is violative of public policy. [Citations.] It is also true that . . . 'when the evidence shows that . . . [a party] in substance seeks to enforce an illegal contract or recover compensation for an illegal act, the court has both the power and duty to ascertain the true facts in order that it may not unwittingly lend its assistance to the consummation or encouragement of what public policy forbids.' [Citation.] These rules are intended to prevent the guilty party from reaping the benefit of his wrongful conduct, or to protect the public from the future consequences of an illegal contract. They do not necessarily apply to both parties to the agreement unless both are truly in *pari delicto*." (*Id.* at p. 218.) Here we cannot assume the tenants were aware of the legal requirements for occupancy and the landlord's failure to meet those requirements.

■ *Gruzen v. Henry* (1978) 84 Cal.App.3d 515 [148 Cal.Rptr. 573] dealt with the same issue. There, premises for which no certificate of occupancy had been issued were leased and the landlord brought an action for unlawful detainer. The court stated "the question before us is whether [the ordinance requiring a certificate of occupancy], which is silent as to the effect on leases of a violation of its requirements, but expressly imposes only a criminal sanction on violation, can be construed as permitting enforcement by way of a defense to an action for unlawful detainer. We conclude that it can." (*Id.* at pp. 517–518.) The court then held that "[p]laintiff is entitled to an order of eviction, but not to an award of rent." (*Id.* at p. 519.)

■ As the parties agreed that the unit has now been vacated, we are only concerned with the money judgment. The court erred in awarding a judgment to the landlord for past due rent.

## DISPOSITION

The judgment is reversed; the case is remanded for the court to enter judgment for appellants and award them their costs. Appellants shall also recover their costs on appeal.

Sills, P. J., and Ikola, J., concurred.