Filed 10/28/14  Ho v. Nguyen CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| CHRISTY HO et al., | |
| Plaintiffs and Respondents, | G049469 |
| v. | (Super. Ct. No. 30-2011-00524081) |
| KIM HUONG NGUYEN et al., | O P I N I O N |
| Defendants and Appellants. | |

Appeal from an order of the Superior Court of Orange County, Richard Luesebrink, Judge.  (Retired judge of the Orange County Superior Court assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

David Tang for Defendants and Appellants.

Mark S. Rosen and Dina L. Nguyen for Plaintiffs and Respondents.

\*          \*          \*

Defendants and appellants Kim Huong Nguyen, Kim Ann Nguyen and Chuong Van Nguyen (defendants) appeal from an order granting a new trial, following a court trial. Defendants contend the court erred in granting a new trial on the grounds of irregularity in the proceedings. We disagree and affirm.

**PROCEDURAL HISTORY**

Plaintiffs and respondents Christy Ho and Johnny Ho (plaintiffs) sued defendants and others in a dispute arising out of the ownership and operation of a nail salon. Their second amended complaint contained a cause of action for breach of partnership agreement, and six other causes of action.

On defendant's motion, the trial was trifurcated. Phase I was to determine whether an oral partnership existed and, if so, what its duration and terms were. Phase II was to determine all other liability and compensatory damage issues. Phase III was to determine punitive damages, if the prerequisite findings were made in Phase II.

At the end of Phase I on August 9, 2013, the court found for defendants on the breach of partnership agreement cause of action, "for reasons as set forth on the record." Plaintiffs requested a statement of decision and the court directed the prevailing party to prepare one "after trial on all issues are resolved." Plaintiffs' counsel then gave an opening statement for Phase II, and the trial was adjourned for the day.

We are not certain exactly what happened next and why, because we have only been provided limited excerpts from the reporter's transcripts. According to the minute orders provided, on August 12, the date set for the Phase II trial to resume, plaintiffs' counsel, Toby Tran, advised there had been a communication breakdown with his clients, and they had retained new counsel, Dina Nguyen.

Attorney Tran requested that he be relieved as counsel for plaintiffs. Attorney Nguyen sought to specially appear on behalf of plaintiffs, for the limited purpose of presenting an ex parte application to continue the trial of Phase II, and to set aside the rulings and orders entered during the trial of Phase I.

2

After unreported discussion between the court and counsel, plaintiffs' ex parte application was denied, and the court found in favor of defendants on the six remaining causes of action "[b]ased on its ruling on [Phase I] and discussion held . . . for reasons previously stated." The court directed counsel for defendants to prepare a notice of ruling and a proposed judgment.

The court also directed counsel for defendants to prepare a proposed statement of decision. "The Court note[d] its last date is 8/30/13; therefore, the Proposed Judgment and Statement of Decision are to be submitted to the court with ample time to allow Plaintiffs to file their objections, if any."

On August 16, defendants' counsel filed and served a notice of ruling as directed. On August 25, defendants' counsel also filed and served a proposed judgment as directed. However, defendants' counsel did not file a proposed statement of decision as directed, at any time before August 30, 2013.

On September 10, the proposed judgment was signed by a different judge (not the trial judge), and the judgment was entered. On September 11, defendants' counsel filed and served a notice of entry of judgment.

On October 1, plaintiffs' new counsel filed and served a motion to vacate judgment and for new trial, on the grounds of irregularity in the proceedings, newly discovered evidence and insufficiency of the evidence. Plaintiffs asserted two new witnesses had come forward, the court erred by precluding plaintiffs from presenting additional evidence in Phase II, the court erred by not preparing a statement of decision, the evidence was insufficient to justify the decision, and there was irregularity in their prior counsel's failure to follow court rules.

Defendants filed opposition arguing the motion was untimely, and otherwise lacked merit. Plaintiffs filed a reply, which argued the motion was timely, and had merit on both the procedural and evidentiary grounds.

3

The trial judge heard the motion on November 4.  We have not been provided with a reporter's transcript of that hearing, but the minute order states, among other things, "Court notes the Proposed Statement of Decision was lodged by Defendants this date and issues the tentative ruling as follows:  Motion for a New Trial is granted since the Proposed Statement of Decision was untimely."

The court then ordered the parties to meet and confer in an effort to resolve the matter.  After counsel stated they had no settlement authority from their clients, the court ruled, "Plaintiffs' Motion for a New Trial is granted."

The court also took plaintiffs' motion to vacate judgment under submission, and the following day ruled, "Plaintiffs' Motion to Vacate Judgment is granted . . . ." This appeal followed.

**GENERAL PRINCIPLES AND STANDARD OF REVIEW**

There is a strong presumption in favor of new trial orders.  (*Lane v. Hughes Aircraft Co.* (2000) 22 Cal.4th 405, 412.)  On appeal from a new trial order that complies with the requirements of Code of Civil Procedure section 657 (all further statutory references are to this code), the sole question is whether the judge abused his or her discretion.  (*Oakland Raiders v. National Football League* (2007) 41 Cal.4th 624, 628.)

A trial judge's discretion when ruling on a motion for new trial is very broad.  (*Barrese v. Murray* (2011) 198 Cal.App.4th 494, 503.)  This is particularly true when that discretion is exercised in favor of a new trial, for this action does not finally dispose of the matter.  (*Jiminez v. Sears, Roebuck & Co.* (1971) 4 Cal.3d 379, 387.)

We defer to the trial judge's resolution of conflicts in the evidence and reverse only if there is no reasonable basis for the decision or the decision is based on a legal error.  (*Bell v. Bayerische Motoren Werke Aktiengesellschaft* (2010) 181 Cal.App.4th 1108, 1122.)  As long as a reasonable or even fairly debatable justification under the law can be shown, an order granting a new trial will not be set aside. (*Schelbauer v. Butler Manufacturing Co.* (1984) 35 Cal.3d 442, 452.)

4

## DISCUSSION

Defendants do not challenge the order granting plaintiffs' motion to vacate the judgment. Instead they concede the judgment was properly vacated because they did not timely file the proposed statement of decision. Defendants do challenge the order granting plaintiffs' motion for a new trial, on five separate bases. Each will be addressed in the order presented by defendants in their opening brief.

*1. The New Trial Order Satisfied the Specificity Requirements of Section 657.*

Defendants first contend the new trial order did not satisfy the requirements of section 657, because the new trial order failed to specify the grounds for the decision. We are not persuaded.

A court granting a new trial motion must specify the ground or grounds on which the motion is granted, and the court's reason or reasons for granting the motion on each ground stated. (§ 657.) The statutory "grounds" for granting a new trial listed in section 657, are distinguished from the "reasons" for granting a new trial on a particular ground. (*Oakland Raiders v. National Football League*, *supra*, 41 Cal.4th at p. 634.)

If the trial court fails to expressly specify the grounds for granting a new trial but states the reasons, then the stated reasons ordinarily indicate the intended grounds for the decision. (*Jones v. Citrus Motors Ontario, Inc.* (1973) 8 Cal.3d 706, 710.) This is precisely the situation presented here.

The November 4 new trial minute order did not specify the grounds. But the new trial motion only specified three grounds: "1. Irregularity in the proceedings . . . . [¶] . . . [¶] 4. Newly discovered evidence. . . . [¶] . . . [¶] [and] 6. Insufficiency of the evidence . . . . " (§ 657, subds. 1, 4 & 6.) Furthermore, the new trial minute order states, in relevant parts: "Court . . . issues the tentative ruling . . . Motion for a New Trial is granted since the Proposed Statement of Decision was untimely. [¶] . . . [¶] [and] Motion for a New Trial is granted." But the new trial minute order makes no mention of either newly discovered or insufficient evidence.

5

Under these circumstances, we conclude the court's stated reason indicates the grounds for the decision was irregularity in the proceedings, and thus the new trial order satisfied the specificity requirements of section 657.

*2. Failure to Render a Statement of Decision is an "Irregularity" under Section 657.*

Defendants next contend there is no legal basis upon which the court could order a new trial, because the court's failure to prepare a statement of decision is not an "'irregularity in the proceedings'" within the meaning of section 657, subdivision 1. We disagree.

The phrase "'irregularity in the proceedings'" has been broadly interpreted to cover many forms of misconduct and error that would also be grounds for mistrial or reversal on appeal, including errors regarding matters of procedure. (See, e.g., *Montoya v. Barragan* (2013) 220 Cal.App.4th 1215, 1229-1230 [Judge erred by entering judgment in a jury trial in which jury did not return a signed, written verdict as required by § 618].) It is a "catchall" phrase, referring to any departure by the judge from the due and orderly method of disposition of an action by which a party's substantial rights have been materially affected. (*Id*., at p. 1230; *Lowe v. Massachusetts Mut. Life Ins. Co.* (1976) 54 Cal.App.3d 718, 740.)

While the parties have not cited and we have not found any case on point, we believe the phrase is broad enough to encompass failure to render a statement of decision. Failure to render a properly requested statement of decision after a nonjury trial of factual questions is reversible error per se. (*Miramar Hotel Corp. v. Frank B. Hall & Co.* (1985) 163 Cal.App.3d 1126, 1129; *Espinoza v. Calva* (2008) 169 Cal.App.4th 1393, 1397 (*Espinoza*).) Additionally, there is no question failure to render a statement of decision under these circumstances is so prejudicial it could deprive the losing parties of their right to meaningful appellate review. Likewise, absent an order granting a new trial or other appropriate relief, failure to render a statement of decision could easily result in a "miscarriage of justice." (Cal. Const., art. VI, § 13.)

6

Therefore, we hold failure to render a properly requested statement of decision is an "irregularity" within the meaning of section 657, subdivision 1.

*3. The New Trial Order was Neither Lacking in Specification nor Ill Considered.*

Defendants also contend the court's succinct reason for granting a new trial was ill considered and without sufficient specification of reasons. This contention is, in many ways, a rehash of the arguments we have already rejected.

Defendants start with the premise the trial court must state the reasons for granting a new trial on a particular ground, with sufficient specificity to facilitate appellate review and to avoid any need to rely on inference or speculation. Of course this is true. (*Oakland Raiders v. National Football League*, *supra*, 41 Cal.4th at p. 634.) But, as we said above, the new trial order here is sufficiently specific. We need not resort to inference or speculation to figure out why the court granted a new trial. We know the new trial was granted because the proposed statement of decision was untimely.

Defendants then correctly note one of the functions of the specificity requirement is to promote judicial deliberation and thereby discourage hasty or ill-considered new trial orders. However, a concise, but clear, statement of why the judge finds one or more of the grounds for the motion is all that is required. (*Mercer v. Perez* (1968) 68 Cal.2d 104, 115.) And this is exactly what we have here—a concise, but clear, statement of the reason for granting a new trial, together with nothing in the record which suggests the decision to grant a new trial was either hasty or ill considered.

*4. The Court Did Not Exceed Its Jurisdiction by Granting a New Trial.*

Defendants claim the court exceeded its jurisdiction, because the statement of reasons is insufficient and there are no other valid grounds upon which a new trial could be granted. We have already dismissed the insufficiency claim. As for the claim there are no other valid grounds, because defendants cite very little authority and provide even less reasoned legal argument, we deem this claim waived. (*Evans v. CenterStone Development Co.* (2005) 134 Cal.App.4th 151, 165.)

7

But this claim fails for another reason too.  A new trial order must be affirmed if the court should have granted a new trial on any ground stated in the motion, whether or not specified in the order or specification of reasons, except on the ground of the insufficiency of the evidence to justify the verdict or excessive or inadequate damages can be affirmed on those grounds only for the specified reasons.  (*Bell v. Bayerische Motoren Werke Aktiengesellschaft*, *supra*, 181 Cal.App.4th at pp. 1121, 1126.)

The absence of a statement of reasons for granting a new trial, as required by section 657, calls for an independent review of the new trial order.  (*Oakland Raiders v. National Football League*, *supra*, 41 Cal.4th at p. 640.)  The party seeking to uphold such a defective order has the burden of persuasion.  (*Id*. at pp. 640-641; *Bell v. Bayerische Motoren Werke Aktiengesellschaft*, *supra*, 181 Cal.App.4th at p. 1127.)

Our independent review leads us to conclude the new trial order must be affirmed on irregularity grounds, for the additional reason that it appears the court erred by precluding plaintiffs from presenting evidence in Phase II.  This ground was stated and argued in plaintiffs' moving papers in the trial court, and in their plaintiffs' brief in this court.  It was mentioned in passing but never discussed in defendants' opening and reply briefs in this court.  As a result, defendants have effectively conceded the issue.

For all of these reasons, we reject defendants' claim the court exceeded its jurisdiction by granting a new trial.

*5.  A New Trial is a Proper Remedy in This Case.*

Finally, defendants argue a new trial is not needed, and the proper remedy is to reverse and remand with instructions to enter a statement of decision.  Defendants cite three cases in support of this argument:  *Wallis v. PHL Associates, Inc.* (2013) 220 Cal.4th 814, 827 (*Wallis*); *Espinoza*, *supra*, 169 Cal.App.4th 1393; *Karlsen v. Superior Court* (2006) 139 Cal.App.4th 1526 (*Karlsen*).  All of them note the normal remedy is to reverse and remand for preparation of a statement of decision.

8

However, none of them holds that is the only proper remedy, and only *Karlsen* actually applied that remedy. (*Karlsen*, *supra*, 139 Cal.App.4th at pp. 1530-1531.) *Espinoza* found additional reasons why the judgment should be reversed, and therefore a remand solely to prepare a statement of decision would have been an idle act. (*Espinoza*, *supra*, 169 Cal.App.4th at p. 1398.) *Wallis* found the only appropriate remedy was a remand for a new trial because the judge who heard the case was no longer available due to his disqualification.

In this case, as noted above, there are additional reasons why the new trial order should be affirmed, and thus a remand solely to prepare a statement of decision would be an idle act. Besides, the judge who heard this case has retired and only sits from time-to-time by assignment. So he may no longer even be available with the result that the only appropriate remedy might be a new trial.

More importantly, none of the cases cited by defendants arose in the context of a challenge to an order granting a new trial. They say nothing about the propriety of granting a new trial on the grounds of irregularity in the proceedings, after the trial judge failed to render a statement of decision and refused to allow the parties to present additional evidence in the second phase of a trifurcated trial. And they do not even consider the trial judges broad discretion in this context.

In sum, the court here decided a new trial is the proper remedy in this case. There is a reasonable basis for that decision, and it was not based on any legal error. It follows the court did not abuse its discretion by ordering a new trial, and there is no basis upon which to set that order aside. Trial judges are in the best position to determine whether errors or irregularities in the proceedings before them were prejudicial, and thus warrant a new trial. Their statutory power to order a new trial when prejudicial errors or irregularities have occurred promotes judicial efficiency by obviating the need for appellate reversal or collateral attack. (*People v. Ault* (2004) 33 Cal.4th 1250, 1271.)

## DISPOSITION

The order is affirmed.  Plaintiffs are entitled to costs on appeal


         THOMPSON, J.

WE CONCUR:


RYLAARSDAM, ACTING P. J.


IKOLA, J.