Filed 3/18/16  Marriage of Torres CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re the Marriage of ADALBERTO and GEMMA O. TORRES. | |
| | D068053 |
| ADALBERTO TORRES, | |
| Appellant, | (Super. Ct. No. DS37815) |
| v. | |
| GEMMA O. TORRES, | |
| Respondent. | |

APPEAL from an order of the Superior Court of San Diego County, Albert T. Harutunian, III, Judge.  Reversed in part, with directions.

Law Office of Shelly K. Pawshuk and Shelly K. Pawshuk for Appellant.

No appearance for Respondent.

Adalberto Torres, a former sheriff's deputy who receives disability retirement income, appeals from an order modifying his child support obligation by imputing to him full-time minimum wages of $1,560 per month.  Adalberto contends the order should be

reversed because no substantial evidence supports the court's implied findings he has the physical ability and opportunity to perform full-time minimum wage work. He also contends the child support order should be reversed because (1) it is not in the best interests of his children; (2) the court used a 50-50 allocation of physical custody in determining the amount of support when, in fact, Adalberto has sole physical custody of the parties' eldest child; and (3) the court erroneously denied his posttrial motions to vacate and for a new trial.

We reverse because the court's finding that Adalberto has the ability and opportunity to perform full-time minimum wage work is unsupported by the evidence. Because the order must be reversed on this basis, it is unnecessary to address Adalberto's other contentions.

FACTUAL AND PROCEDURAL BACKGROUND

Adalberto and his ex-wife, Gemma O. Torres, are divorced and have two children, one born in 2000 and the other in 2004. In August 2013 the court ordered Adalberto to pay Gemma $397 per month for child support, based on a 50-50 timeshare and certain income (or lack thereof) on Gemma's part.[1]

A. *Adalberto's Request for Order Modifying Custody and Child Support*

In June 2014 Adalberto filed a request for an order modifying custody and child support. Adalberto asserted he should have sole custody of the eldest child, who was having relationship issues with Gemma.

---

[1]     As is customary in family law matters, we refer to the parties by their first names for clarity.

Adalberto supported his request with an income and expense declaration. That declaration stated Adalberto was last employed as a deputy sheriff from October 2000 through July 2009. Adalberto is now 42 years old and has a bachelor of science degree. Adalberto receives $2,924 each month from "disability retirement" plus $133 from the Veterans Administration. He has $4,297 in monthly expenses.

B. *Gemma's Opposition and Request to Impute Income to Adalberto*

Gemma filed opposition, asserting she should have sole custody of the older child "for a period of time until he can be detoxed from Father's influence."

Gemma also opposed Adalberto's request to modify child support. Gemma asserted in a declaration, "Father is only 42 years old, has a college degree, and has not been employed for six years. Father represents that he lives off of his early retirement payments of $2916 yet somehow manages to meet almost $5000 per month in expenses and seems to have an endless supply of money for litigation. The court should impute income to Father and/or require him to make job contacts."

Gemma's income and expense declaration stated she earns $4,333 per month from her full-time job, and has monthly expenses of $3,509.

C. *The Hearing and Order Imputing Income*

Adalberto and Gemma appeared at the hearing and were each represented by counsel. The court swore the parties in as witnesses, but neither testified. In fact, no one testified. Only the lawyers and the court spoke at the hearing.

Gemma's attorney asked the court to impute full-time minimum wage income to Adalberto, stating:

3

"I would ask the Court to impute minimum wage to the Petitioner. He hasn't worked in six years. He's only 42 years old. *He's in perfect health. There's no reason why he can't make a minimum-wage job.* [¶] In previous court hearings, he claimed he was going to school. I don't think he's doing that anymore. There's no reason why—he has a duty to support his children just like my client does, and minimum wage is 1,560. [¶] If the court is not going to impute minimum wage, at the minimum, I would ask that he be ordered to make job contacts." (Italics added.)

Adalberto's lawyer responded, stating Adalberto was "on retirement disability" and had been in school and was planning to attend law school. Counsel also stated that Gemma had not sustained her burden of proof:

"But the fact of the matter is, Counsel has to show that not only is there an ability for him to work, but that he has work out there and that he's just turning down something. [¶] . . . I don't think that there's been enough provided here, before the Court, to be able to . . . provide the Court with anything as to how much he's supposed to be imputed."

The court stated, "On the father's side, the Court is imputing minimum wage of 1,560 . . . ." The court left the existing physical custody order in place and ruled that $1,560 per month should be imputed to Adalberto, in addition to his $3,057 monthly disability retirement income. Based on Gemma's $4,333 monthly month income, and 50/50 timeshare, the court ordered Adalberto to pay Gemma $352 per month in child support, retroactive to July 1, 2014, and set arrearages at $2,816.

D. *Motion to Vacate and Motion for New Trial*

On February 24, 2015 (13 days after the hearing), Adalberto's lawyer filed (1) a motion to vacate the child support order under Code of Civil Procedure section 663, (2) a notice of intent to move for new trial, and (3) a motion for new trial.

4

The thrust of Adalberto's posttrial motions was that Gemma failed to sustain her burden to prove he had the ability and opportunity to do full-time minimum wage work. For example, Adalberto's motion to vacate states:

> "Despite un-contradicted evidence that [Adalberto] was on disability from the San Diego Sheriff's Department, [Gemma] failed to provide any evidence that [Adalberto] has an ability to work, even at a minimum wage job. [Gemma] provided no prior employment or health records, resumes, vocational reports or any other evidence . . . ." (Italics omitted.)

Adalberto supported his motion for new trial with a declaration, explaining his disability and inability to perform physical labor, which states in part:

> "In 2000, I was hired to be a San Diego County Sheriff and was a deputy sheriff until 2009. In 2001, I sustained an injury to my knee in the course of my duties. I had reconstructive surgery and went back to work. Then in 2005, again during the course of my duties, I fell outside of a C-container I had just finished searching. I again, had surgery and was placed on light duty. A few months later while I was leaving a law enforcement training class, I stepped on a rock, re-injuring my knee. I had a hamstring draft [*sic*] surgery which unfortunately blew a few months later. I then had an Achilles tendon transplant from a cadaver. The transplant would not take and I was forced to have surgery again . . . . In the summer of 2007 a full reconstruction was done, including a bone patella tendon transplant. I was then examined by several Qualified Medical Examiner [*sic*] (QME) and due to my injury I was declared unfit to perform my duties as a deputy sheriff. . . . I was forced to retire shortly thereafter from the . . . Sheriff's Department. . . . I am unable to do any work that requires a physical element to it. To this day, I have muscle atrophy, back and hip problem, chronic pain and I can't sit or stand for long periods of time."

The court conducted a hearing on the posttrial motions. Adalberto's lawyer argued Gemma bore the burden to prove ability and opportunity to work, stating, "[I]t's not my client's obligation to prove to this Court that he can work or that he can't work. It's

5

[Gemma's] obligation to prove that he can."  Counsel stated, "There was not a single piece of evidence" to prove Adalberto was "in perfect health" or could work a minimum wage job, but only argument by Gemma's lawyer.

In response, Gemma's lawyer disagreed, stating Adalberto bore the burden to prove he was unable to work and had not sustained his burden:

> "The only evidence before the court was that he receives a disability check.  That's not evidence that he's disabled.  There is zero evidence presented by counsel that he is unable to work for any reason whatsoever.  That would be his burden. . . ."

After taking the matter under submission, the court denied Adalberto's posttrial motions, stating:

> "The record before the Court, including permissible inferences, fully justified the February 11, 2015 order.  [Adalberto] made no claim of inability to work when responding to the request to impute income, and the representation of college completion and imminent plans to attend law school reflect his ability to become employed.  [Adalberto's] receipt of disability income from his prior strenuous employment in law enforcement does not reflect an inability to work in other fields."

Adalberto appealed the order modifying child support and denying his posttrial motions.  Gemma did not file a respondent's brief after being notified by this court that if a respondent's brief was not filed within 15 days of notice, the court will decide the appeal on the record, the opening brief, and any oral argument by the appellant.[2]

---

2    Gemma's failure to file a brief is not treated as a default or an admission that the trial court erred.  We still examine the record to see if it supports the claims of error made by the appellant.  (*Griffin v. The Haunted Hotel, Inc.* (2015) 242 Cal.App.4th 490, 505.)

6

DISCUSSION

## I. *THE STANDARD OF REVIEW*

We review the decision to impute income for abuse of discretion. (*In re Marriage of Schlafly* (2007) 149 Cal.App.4th 747, 753.) "A trial court abuses its discretion . . . when its factual findings are not supported by substantial evidence." (*Edwards Wildman Palmer LLP v. Superior Court* (2014) 231 Cal.App.4th 1214, 1224.)

"When modifying a support order, the trial court must provide a statement of decision explaining its rule if requested by either parent." (*In re Marriage of McHugh* (2014) 231 Cal.App.4th 1238, 1248 (*McHugh*), italics omitted.) Here, the record does not show either party asked for a statement of decision. Under the doctrine of implied findings, when the parties waive a statement of decision, we presume the trial court made all factual findings necessary to support the judgment or order for which there is substantial evidence. (*Ibid.*) Therefore, the fundamental issue in this appeal is whether there is substantial evidence to support the court's implied findings that Adalberto has the ability and opportunity to earn full-time minimum wage.

## II. *IMPUTED INCOME*

### A. *There Must Be Evidence of Ability and Opportunity to Work*

The trial court has discretion to impute income to an unemployed parent to determine that parent's child support payments. (Fam. Code, § 4058, subd. (b) [trial court has discretion to "consider the earning capacity of a parent in lieu of the parent's income, consistent with the best interests of the children"].) However, income may only be

7

imputed to a parent who has "earning capacity." (*State of Oregon v. Vargas* (1999) 70 Cal.App.4th 1123, 1126 [*Oregon*].)

"Earning capacity" is comprised of ability and opportunity to work. Ability to work depends on the parent's age, health, education, skills, qualifications, work experience, occupation and background. (*McHugh, supra,* 231 Cal.App.4th at p. 1246.) Opportunity to work depends on whether there is "'substantial evidence of a reasonable "likelihood that a party could, with reasonable effort, apply his or her education, skills and training to produce income."'" (*Ibid.*)

"[T]he imputation of minimum wage, like any other amount, must be supported by the evidence." (*Oregon, supra,* 70 Cal.App.4th at p. 1128, fn. 2.) "To rely on earning capacity in lieu of actual income, '[t]he dispositive question is whether the evidence will sustain the inference that the party charged with support could, with reasonable effort, obtain employment generating the postulated (higher) income.'" (*In re Marriage of Cohn* (1998) 65 Cal.App.4th 923, 930.) "'When the ability to work or the opportunity to work is lacking, earning capacity is absent and application of the [earning capacity] standard is inappropriate.'" (*In re Marriage of Padilla* (1995) 38 Cal.App.4th 1212, 1218.)

B. *As The Party Seeking to Have Income Imputed, Gemma Bore the Burden to Prove Adalberto Has the Ability and Opportunity to Work*

As the party seeking to impute income to the other parent, Gemma bore the burden to prove Adalberto has the ability and opportunity to earn full-time minimum wage. "[W]hen the payee parent seeks to increase the amount of court-ordered support by imputing to the payor parent a greater income than the court previously found, the payee

8

parent, as the moving party, bears the burden of proof to show the payor parent has the ability and opportunity to earn that imputed income." (*McHugh, supra,* 231 Cal.App.4th at p. 1247, italics omitted.) "The parent seeking to impute income must show that the other parent has the ability or qualifications to perform a job paying the income to be imputed and the opportunity to obtain that job, i.e., there is an available position. The parent seeking to impute income, however, does not bear the burden to show the other parent would have obtained employment if it had been sought." (*Ibid.*)

Once the parent seeking to impute income to the other parent sustains his or her burden to show ability and opportunity to work, "[t]he parent to whom the income would be imputed bears the burden to show he or she could not secure the job despite reasonable efforts." (*McHugh, supra,* 231 Cal.App.4th at p. 1251.)

Gemma's lawyer was incorrect when he told the court it was Adalberto's burden to show he was unable to work. To the contrary, Gemma, as the party seeking to impute income to Adalberto, had the burden to show Adalberto has the ability and opportunity to earn full-time minimum wages. (*McHugh, supra,* 231 Cal.App.4th at p. 1247.) If Gemma failed to meet that burden, income cannot be imputed to Adalberto. (See *In re Marriage of Wittgrove* (2004) 120 Cal.App.4th 1317, 1329 [rejecting argument that additional income should be imputed to mother where father presented no evidence that she had both an ability and opportunity to earn the attributed income he sought to impute to her]; *In re Marriage of Henry* (2005) 126 Cal.App.4th 111, 120 [rejecting attempt to impute income to mother where father failed to sustain burden of establishing mother's job qualifications, salary payable, and job opportunities]; *In re Marriage of Bardzik*

9

(2008) 165 Cal.App.4th 1291, 1309 (*Bardzik*) [order denying attempt to impute income correct where father presented no evidence of mother's vocational abilities or any opportunities she might have to earn income].)

C. *Gemma Failed to Sustain Her Burden of Proof*

Before the hearing began, Adalberto and Gemma were each sworn to testify. Neither of them were called to testify. No one asked either of them a single question. Adalberto was not asked about the kind of work he was physically capable of performing, what specific skills he has, or what efforts he made to find work. No effort was made to ascertain from him why he was not working.

Instead of eliciting testimony from the parties, Gemma presented her case through her own declaration and her attorney's argument. On the issue of imputing income to Adalberto, Gemma's declaration only states Adalberto is 42 years old, has a college degree, and has not been employed for six years. In determining whether Adalberto is able to work a full-time minimum wage job, these facts have little, if any, probative value. Gemma's declaration is silent on the critical issue in this case—given Adalberto's disability (as demonstrated by his disability retirement from the sheriff's department), is he physically able to work a full-time minimum wage job?

Gemma's attorney tried to fill this evidentiary void, not with evidence, but with his own argument. He asserted Adalberto is "in perfect health" and "[t]here's no reason he can't make a minimum-wage job."

However, an attorney's assertion is not evidence and cannot be considered by the trial court in making its findings. (*Estate of Silver* (1949) 92 Cal.App.2d 173, 176

10

["unsworn statements of counsel not intended to be, and not amounting to stipulations of fact do not constitute evidence which may be considered by the trial court in making its findings of fact"].)

At most, Gemma's attorney's assertions might be construed as an offer of proof, but that does not solve the evidentiary problem in this case. An "'offer of proof' may be a substitute for evidence *if* the parties stipulate that the court may consider it as such." (*Espinoza v. Calva* (2008) 169 Cal.App.4th 1393, 1398, italics added.) However, the record does not show the parties so stipulated. The mere offer of proof by one party does not convert counsel's statement into evidence. (*Ibid*.) This is because an offer of proof is hearsay; it is not evidence, much less admissible evidence of any material fact. (*Mundell v. Department of Alcoholic Beverage Control* (1962) 211 Cal.App.2d 231, 239.)

Accordingly, on this record, there was simply no substantial evidence to support a finding that Adalberto had the ability and opportunity to earn full-time minimum wage. There was no exploration of his personal circumstances or skills, no information about the local job market in relation to those skills, no information about any efforts he had made, or not made, to find minimum wage employment. Conspicuously absent from this record is the type of evidence courts have recognized as sufficient to establish earning capacity, such as "the imputee's resume, want ads for persons with the credentials of the potential imputee, opinion testimony (e.g., from a professional job counselor) that a person with the imputee's credential could readily secure a job with a given employer (or set of employers), or pay scales correlating ability and opportunity with the income to be

11

imputed. Nor was there any vocational examination." (*Bardzik*, *supra*, 165 Cal.App.4th at p. 1309.)

A frequently cited family law treatise suggests a "good 'set-up' question" to the unemployed parent is: "'Is there any reason why you cannot get a minimum wage job?'" (Hogoboom & King, Cal. Practice Guide: Family Law (The Rutter Group 2015) ¶ 6:442.13, p. 6-257.) However, even though Adalberto was present in court and sworn in to testify, no one asked him this question, or anything else.

As distinguished from lawyer argument, the only evidence offered to support the court's order is that Adalberto was receiving disability retirement income, was 42 years old, and had a college degree. This is insufficient to show Adalberto had the ability and opportunity to work a full-time minimum wage job.

In denying Adalberto's posttrial motions, the court stated, "[Adalberto] made no claim of inability to work" and his receipt of disability income "does not reflect an inability to work in other fields." The court's observations are correct, but legally irrelevant in this case. Gemma had the burden to present evidence sufficient to sustain a finding that Adalberto has the ability and opportunity to perform full-time minimum wage work. Unless and until she met that burden, Adalberto was not required to offer evidence that he was unable to work.

## DISPOSITION

The order entered February 11, 2015, is reversed insofar as it imputes $1,560 per month income to Adalberto Torres and makes calculations of child support and arrearages based on such imputed income. In all other respects, that order is affirmed.

12

The matter is remanded to the superior court with directions to redetermine child support consistent with this opinion.  In the interest of justice, each party to bear his or her own costs.

NARES, Acting P. J.

WE CONCUR:

HALLER, J.

IRION, J.

13